NEW ALBANY WOOLEN MILLS, Respondent, v. W. B. MEYERS & Co., Appellants.

### Kansas City Court of Appeals, January 5, 1891.

1. **Promissory Notes:** PROOF OF INDORSEMENT: STATUTE: PRESUMPTION. The affidavit provided by the statute to prove the assignment of a note is sufficient for that purpose, but is not competent to prove the note was purchased before due in good faith for value; but the indorsement raises the presumption that the purchase was so made.

2. **Trial Practice:** WITHDRAWAL OF INSTRUCTION: NOTICE TO THE JURY. An instruction materially affecting the case was given and withdrawn about the close of the argument by the court stepping

to the counsel table, and, in sight of counsel and jury, removing said instruction and marking it refused and returning it to plaintiff's counsel in full view of all present, the jury's attention not being specially called to the change in the instructions as read to them by the court, except by said removing of the same. The jury on retiring took all of the instructions except the one so removed and returned a verdict for the full amount of the plaintiff's claim. *Held* this proceeding was so liable to work serious harm to the defendant that the judgment should be reversed therefor.

3. **Promissory Notes**: NOTICE TO INDORSEE. An instruction, that bases plaintiff's right to recover on a transfer for value before the commencement of suit, is faulty, as it ignores the question of notice of defendant's claim ; especially where, as in this case, the corporation indorser and the corporation indorsee, though separate corporate bodies, were owned, officered and managed by the same men and were, in fact, one concern ; and besides the assignment must be made before *due*.

4. **Agency**: INSTRUCTIONS: SINGLE FACT. An instruction instead of singling out a fact as insufficient to constitute an agency should state that while insufficient in itself it might be considered with others.

5. ————: GENERAL AGENT : SO HELD OUT: PRIVATE RESTRICTIONS. Where the principal puts an agent forward as a general agent, though in a particular line, or places him in a position where others are justified in the belief that his powers are general, the restrictions that may be imposed upon him privately will be immaterial except as between him and his principal.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*Harding & Buller*, for appellants.

(1) The *ex parte* affidavit introduced by plaintiff was only competent to prove a naked assignment, and was not competent evidence on the controverted issue as to good faith, valuable consideration or indorsement before due. R. S., sec. 4875, p. 1098. (2) When a contract is made with an agent and the general agency is proved, and it appears the contract appertains to the

nature of the agency, then the party contracting with such agent is not chargeable with notice of any secret limitation of authority of agent, nor is he put to the risk of secret limitations existing; and the principal must be bound, notwithstanding the agent may have gone beyond the rules or regulations of his principal ( *Baker v. Railroad*, 91 Mo. 152 ); especially is this the case where the principal has commenced the fulfillment of the contract, or where the agent has been in the habit of making such contracts as in the case at bar. *Harrison v. Railroad*, 74 Mo. 364; *McGinniss v. Mitchell*, 21 Mo. App. 493; *Day v. Ins. Co.*, 88 Mo. 325. *Hull v. Jones*, 69 Mo. 587. (3) An agency and the scope thereof may be proved by circumstances, habits and course of business of agent and principal, and is a question for the jury under all the evidence. *Brooks v. Jameson*, 55 Mo. 505; *Edwards v. Thomas*, 66 Mo. 468; *Summerville v. Railroad*, 62 Mo. 391; *Lumber Co. v. Warner*, 93 Mo. 374; *Schlesinger v. Railroad*, 82 Mo. 146; *Barrett v. Railroad*, 9 Mo. App. 226; *Hayner v. Churchill*, 29 Mo. App. 676. (4) The court having read an admittedly erroneous instruction to the jury, and then secretly withdrew it without calling the attention of the jury or counsel for defense to such withdrawal, was injurious and prejudicial to defendant.

*McReynolds & Halliburton*, for respondent.

(1) The contract proven by defendants' testimony was not the one set up in their answer, and defendants were not entitled to recover on their counter-claim. (2) The evidence shows that Harbison was agent of Ohio Falls Warp Mills, to sell their warps with special authority to make written contracts to supply warp by the year, subject to the approval of the general manager, and was not himself a general agent. And it not only devolved on defendants to show that he made the

contract set up in their answer, but that he was authorized to make such a contract. There being nothing in the evidence to show he had ever made such a contract before, or that the Ohio Falls Warp Mills or plaintiff knew any such contract was claimed until after the note in controversy became due, defendants' instructions as to inferences and ratifications were properly refused. *Winsor v. Bank*, 18 Mo. App. 665; *Ayres v. Milroy*, 53 Mo. 523; *Butler v. Dorman*, 68 Mo. 298–301; *Atlee v. Fink*, 75 Mo. 100; *Cravens v. Gillilan*, 63 Mo. 28; *Chambers v. Short*, 79 Mo. 202.

ELLISON, J.—Plaintiff recovered judgment against defendants on a negotiable promissory note, alleged to have been assigned to plaintiff before due, for value, without notice. Defendants admitted the execution of the note, but charged that the consideration therefor was certain merchandise which he used in the manufacture of woolen goods at Carthage, Missouri; that plaintiffs' assignor, the Ohio Falls Warp Mills, by special agreement with defendants, were to furnish them with certain amounts of warp, at a stated price, as required by the contract; that said Ohio Falls Warp Mills failed to furnish the warp, as per the contract, and that, in consequence, defendants were put to great loss, whereby they were damaged in a sum greater than the note. Defendants' answer further charged that the transfer of the note to plaintiff was a sham and a fraud: that plaintiff and said Warp Mills were owned and managed by the same parties, and were one and the same.

The proof of the assignment was made under the provisions of section 4875, Revised Statutes, 1889, and consisted only of the following affidavit:

"E. P. Croxall, being duly sworn, upon his oath, says that he is treasurer of the Ohio Falls Warp Mills, a corporation under the laws of the state of Indiana; that note, number 19,852, of date February 1, 1887, for

$411.25, payable four months after date, at the First National Bank, Carthage, Missouri, signed by William B. Meyers & Co., was, by said Ohio Falls Warp Mills, assigned to the New Albany Woolen Mills, for value, before maturity, and that the assignment on the back of said note, to New Albany Woolen Mills, is the indorsement of said Ohio Falls Warp Mills, by affiant, as treasurer, and was made before maturity of said note, for value, received by said Ohio Falls Warp Mills, from said New Albany Woolen Mills.

"E. P. CROXAL."

The defendants contend that, while this was sufficient, under the statute, to prove the fact of assignment or indorsement, it was not competent to prove that it was purchased before due, in good faith and for value. We are inclined to take this view of the statute. The *ex parte* affidavit establishes, *prima facie*, the naked indorsement. But it must be borne in mind that mere proof of indorsement raises the *presumption* that it was done before maturity, for value, and that it was taken in good faith. Daniels' Neg. Ins., secs. 728, 784.

II. The court gave an instruction to the jury materially affecting the case. The record shows it to have been disposed of in the following way :

"During the last argument of the case by plaintiff's attorney, defendants' attorney had urged the court to withdraw said instruction. The court, soon afterwards, stepped to the counsel table, and, in sight of counsel and jury, removed said instruction, and marked it refused, and returned it to plaintiff's counsel in full view of all present ; the jury's attention was not specially called to said change in the instructions, as read to them by the court, except by removing same, the court supposing counsel was aware of what he was doing, and, after argument, the jury retired, taking all the instructions except the one so removed, and brought in a verdict for the full amount of plaintiff's claim."

We are of opinion that this proceeding was so liable to work serious harm to the defendants that the judgment should be reversed therefor. The case had been argued with this instruction forming a basis of the plaintiff's case, and a guide to the jury in determining defendants' rights. It does not sufficiently appear that the jury knew it was withdrawn. As nothing was said by the court or counsel, it is quite probable that the jury did not know of the change. Counsel for defendants deny that even they knew it was done.

III. The following instruction was given at plaintiff's request: "2. The court instructs that if they believe from the evidence that the plaintiff and the Ohio Falls Warp Mills are separate corporations, and that the note in controversy was transferred to plaintiff for value before the commencement of this suit, they will find for plaintiff."

The question of notice of defendants' claim should have been inserted. More especially is this true in this case, as there was testimony tending to show that while plaintiff and the Ohio Falls Warp Mills were separate corporate bodies, yet they were owned, officered and managed by the same men, and were, in fact, one concern. Instead of predicating a right to recover, if the assignment was made before suit brought, it should have said before the note became due.

Instruction, numbered 4, for plaintiff, is faulty. In singling out one fact in evidence as not constituting agency on the part of Harbison, it should have stated that, while not amounting to proof, such fact was a matter which might be considered with other testimony.

The fifth instruction should, under the showing made at the trial, hypothecate the willingness and the readiness of the Warp Mills to furnish.

The instruction given on motion of the court should, under the testimony in the cause, embody the idea that suitable warp could have been obtained elsewhere at the price defendant was to pay the Ohio Falls Company.

Defendants' second instruction was properly refused as not being justified by the testimony, but their first and third should have been given. The case would have abundantly justified the jury in finding that Harbison was such an agent as included the authority to make the sale and contract in question. Where the principal puts an agent forward as a general agent, though in a particular line, or places him in a position where others are justified in the belief that his powers are general, the restrictions that may be imposed upon him privately will be immaterial except as between him and his principal. *Baker v. Railroad*, 91 Mo. 152.

We think the contract alleged in defendants' answer, and that attempted to be proven, are near enough the same to permit a recovery thereon, if established to the satisfaction of the jury.

The judgment is reversed, and the cause is remanded. All concur.