# WILLIAMS, Appellant, v. DeLISLE STORE COMPANY, Respondent.

### St. Louis Court of Appeals, February 16, 1904.

**LANDLORD AND TENANT: Purchase of Crop: Notice..** Under section 4123, Revised Statutes of 1899, a landlord, whose rent has not been paid, may recover against the purchaser from his tenant the value of the crop sold, where the purchaser knows the crop was grown on demised premises, although he had no notice that the rent was unpaid.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley*, Judge.

REVERSED AND REMANDED.

*Lawrence W. Fisher* for appellant.

Instruction numbered 3, for defendant, required the jury to find that defendant had knowledge that the rent sued for was due plaintiff before they could find for plaintiff. This is not the proper construction of section 4123, R. S. 1899. It is only necessary that the purchaser have knowledge that the crop was raised on rented premises, or, that the purchaser have knowledge of facts sufficient to put him on inquiry. Toney v. Goodley, 57 Mo. App. 235.

*Robert Rutledge* for respondent.

GOODE, J.—This action was brought on section 4123, R. S. 1899, which provides a remedy in favor of a landlord against a party who buys a crop grown on demised premises with knowledge of that fact. The statutory clause which is the foundation of the action reads as follows:

"If any person shall buy a crop grown on demised premises upon which any rent is unpaid, and such purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof to any party entitled thereto, or may be subject to garnishment at law in any suit against the tenant for recovery of the rent."

It will be observed that the statute. gives the action if the purchaser of the crop knew it was grown on demised premises.

This plaintiff had leased a tract of land in Pemiscot county to a tenant by the name of Madeax for the year 1900, at $3 an acre. The rent fell due January 1, 1901, and was not paid. During that month Madeax hauled some of the cotton he had raised on the leasehold to the town of Portageville, where the defendant company kept a store, and sold the cotton to the defendant. There is evidence from which it may be reasonably inferred that the officers of the company knew the cotton had been raised on the demised premises. In fact, they virtually admitted they did, but said they asked, before buying, if Madeax owed any rent and he declared he did not and that there was nothing against the crop.

The court below gave instructions for the plaintiff which were sound; but committed an error in giving this one at the request of the defendant:

"3. The court instructs the jury that, even if the defendant bought a part of the crop grown upon the leased premises of plaintiff, unless defendant had knowledge of the fact at the time it paid the money to A. Madeax for the cotton bought from him that the same was grown upon leased or demised premises and that the amount claimed by plaintiff herein was for rent due said plaintiff from said A. Madeax for the year 1900, then the finding of the jury should be for the defendant."

That direction required the jury to find the defendant had knowledge at the time it paid Madeax for the cotton, not only that it was grown on leased premises, but that the amount claimed by the plaintiff in this action was for rent due plaintiff from Madeax for the year 1900. The statute attaches no such condition to a landlord's right to recover. It is sufficient for him to show that his rent was unpaid and that the defendant bought the crop, or part of it, knowing it had been grown on demised premises. Plaintiff had a lien on the cotton raised by Madeax for his rent for eight months after the rent fell due (R. S. 1899, sec. 4115) and if the defendant purchased some of it with knowledge that it had been raised on rented land, plaintiff can collect from the defendant the value of what it purchased. Certainly he did not lose his lien because Madeax made a false statement about having paid the rent. Such an interpretation of the statute would place the landlord at the mercy of his tenant. The defendant bought at its peril if it knew Madeax had raised the cotton as a tenant. An instruction like the one copied is contained in the report of the decision in Darby v. Jorndt, 85 Mo. App. 275; but it was given in that case at the instance of the defeated party and was not commented on in disposing of the appeal.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.