King v. Rowlett.

---

## D. WARD KING, Appellant, v. ELIJAH ROWLETT, Respondent.

**Kansas City Court of Appeals, May 7, and October 1, 1906.**

1. **LANDLORD AND TENANT: Lien on Crop: Liability of Purchaser: Scienter: Statute: Instruction.** In an action by a landlord against the purchaser of a tenant's crop to recover the rent, he is only required to show that the crops were grown by a tenant on his premises; that the rent is unpaid and that the purchaser had knowledge that the crops were grown on demised premises; and an instruction requiring the plaintiff to show that the purchaser knew that the crops had been grown on the plaintiff's premises is faulty.

2. ———: ———: ———: ———: ———. The statute fixes the purchaser's liability upon the fact of his knowing that the crops had been grown on demised premises, and the fact that he understood it was other demised premises than the plaintiff's is of no avail.

3. ———: ———: ———: **Principal and Agent: Hired Man.** Where the purchaser's hired man's duty is limited to weighing and receiving the corn, his knowledge as to where the crops were grown cannot be imputed to his master.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED.

*Lee Callow* and *H. B. Williams* for appellant.

(1) Where the crop has been converted, an action may be maintained by "any party entitled" to the crop converted, against "any person" who "shall buy any crop grown on demised premises, upon which any rent is unpaid, and where such purchaser has knowledge of the fact that such crop was grown on demised premises." Toney v. Goodley, 57 Mo. App. 248; Beshe v. Batodorf, 98 Mo. App. 627; R. S. 1899, sec. 4123; Williams v. De-Lisle Store Co., 104 Mo. App. 567; Dawson v. Coffey, 48 Mo. App. 110; Darby v. Jorndt, 85 Mo. App. 274; Matthews v. Nation, 69 Mo. App. 327. (2) Means of knowledge, with the duty of using them, are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse willful ignorance. 21 Am. and Eng. Ency. of Law (2 Ed.), p. 584; Rhodes v. Outcult, 48 Mo. 370; Muldrow v. Robinson, 58 Mo. 331; Fellows v. Wise, 55 Mo. 413; Kitchen v. Railroad, 69 Mo. 265; Mason v. Black, 87 Mo. 329; Drey v. Doyle, 99 Mo. 459; Lee v. Bowman, 55 Mo. 400; Jones v. Manly, 58 Mo. 563; Brown v. Baldwin, 121 Mo. 106. (3) Although Rowlett might have in good faith believed he was buying corn from said German, that had been grown on land not King's such belief upon his part would not relieve him from responsibility to King in this action. R. S. 1899, sec. 4123; Williams v. De-Lisle Store Co., 104 Mo. App. 568; Darby v. Jorndt, 85 Mo. App. 274; Matthews v. Nation, 69 Mo. App. 327. (4) Where one of two innocent parties must suffer, the loss must fall upon him whose negligence brings it about, and is most at fault. Kane v. Dauernheim, 60 Mo. App. 66; Cummings v. Hurd, 49 Mo. App. 148; Bank v. Morris, 114 Mo. 255; Rice v. Groffman, 56 Mo. 434. (5) The principal is liable civilly for the negligence, fraud or other wrongful act of his agent, in the course of his employment, though the principal did not authorize the act. Garretzen v. Dueuckel, 50 Mo. 104.

*John W. Stokes* and *R. B. Bridgeman* for respondent.

(1)  Our contention is that in order to hold a purchaser ·responsible to the landlord, he must have had knowledge that a crop so purchased was grown on the lands of plaintiff by a tenant, or he must have been acquainted with facts and circumstances that would lead him to believe, or that would lead a reasonably prudent· man under like circumstances to believe, that said corn was grown on rented premises; that is, the premises of appellant. Taney v. Goodley, 57 Mo. App. 246. (2)  An employee, even of a corporation, must be within the scope of his authority in order to hold his employer responsible for his acts towards others.  Snyder v. Railroad, 60 Mo. 413; Shervan v. Railroad, 72 Mo. 62; Stringer v. Railroad, 96 Mo. 302; Everhart v. Railroad, 78 Ind. 292.

BROADDUS, P. J.—The plaintiff was the owner and in the possession of a farm in Holt county, Missouri. In December, 1900, he leased the farm to one John German for a term of three years for $310 per year, payable annually on the 1st day of January each year.  In 1903, German sold eight hundred bushels of corn raised on the leased premises to defendant Rowlett at the price of thirty-five cents per bushel.  German failed to pay his rent for that year.  Plaintiff claims that defendant purchased said corn with the knowledge that the same had been grown upon his demised premises.

The evidence tended to show that defendant, at the time he purchased from the tenant the corn in controversy, knew that he was not a landowner, and that for several years prior thereto he had been a tenant farmer in defendant's neighborhood.  The defendant admitted that he knew that German was the tenant of plaintiff for the year 1903 and, as such, that he raised corn on plaintiff's premises for that year; that he knew that he

was a tenant farmer and owned no land of his own; that he had bought corn of him for many years; and that he resided about four miles from plaintiff's farm. He stated that in 1903 he contracted with German to buy his corn off what was known as the old German place, which the tenant cultivated that year; that he did not contract for any corn grown on plaintiff's place — as to what corn he got he could not say; that he was not present when it was delivered; and that the corn was received by his hired man named Noland. He stated that Noland was only acting in the capacity of hired hand in weighing and receiving the corn. Samuel Noland, the hired man who weighed and received the corn, testified that he knew it had been raised upon the plaintiff's premises.

The finding and judgment were for the defendant, from which plaintiff appealed.

The court of its own motion instructed the jury to the effect that, if defendant knew at the time he purchased the corn that it had been raised upon premises rented from the plaintiff, and that the rent was unpaid, the defendant was liable, otherwise he was not liable. This instruction was erroneous. In such cases, the landlord is only required to show that the crops were grown by a tenant on his premises, that the rent is unpaid, and that the purchaser had knowledge that they were grown on *demised premises*. The fault of the instruction is that it required the plaintiff to show that the defendant knew that the corn had been grown upon *his premises*. Such is not the language of the statute, and the holding of the appellate courts of the State. [Toney v. Goodley, 57 Mo. App. 235; Williams v. DeLisle Store Co., 104 Mo. App. 567.]

The plaintiff contends that under the evidence he was entitled to a verdict, on the ground that plaintiff showed that the corn was grown by the tenant on his premises, that the rent was unpaid, and that defendant

knew that the corn was raised on demised premises. The defendant understood when he bought the corn that it was raised upon rented premises, but not upon those of plaintiff. This raises the question whether or not defendant's understanding at the time he purchased and paid for the crop, that it was raised by the tenant upon demised premises other than those of plaintiff, exonerates him from liability to the plaintiff. We think not. He had such knowledge as under the statute rendered him liable to the plaintiff for the value of the crop he purchased from the tenant. He is not permitted to excuse himself from liability on the ground of his mistake in that respect, as the statute fixed his liability upon the fact of his knowledge that the crop had been grown upon demised premises.

Plaintiff further contends that the defendant was liable on the ground that his hired man knew at the time he received the corn that it was grown on plaintiff's premises. But, as the hired man's duty was limited to weighing and receiving the corn, we do not think his knowledge is to be imputed to his master.

For the reason given, the cause is reversed and remanded. All concur.