J. O. MITCHELL, Appellant, v. W. A. SAMFORD, Respondent.

Springfield Court of Appeals, July 7, 1910.

1. **LANDLORD AND TENANT: Lien on Crops: Liability of Purchaser: Prima Facie Case.** In an action by the landlord for recovery of rent where the plaintiff showed that he was the owner of the land, that he had rented it; that the cotton raised on the farm by the tenant and sub-tenants, was sold to defendant, and that defendant purchased the crop with knowledge of the facts that it was raised by plaintiff's tenants, a prima facie case was made against the purchaser.

2. ———: ———: ———: ———: **Pleading.** In a suit by the landlord against the purchaser of the crops of the landlord's tenants for the rent, the answer set up that plaintiff had paid the value of said crops purchased, "in so far as plaintiff had a lien thereon for rent." *Held*, a sufficient special plea, in the absence of a motion to make more definite under which it could be shown that part of the purchase price of the crops

Mitchell v. Samford.

was applied on the store account of the sub-tenants for provisions furnished under authority of plaintiff's agent, who had agreed that any provisions so furnished could be paid out of the purchase price of the crops.

3. ——: ——: ——: **Right to Deduct for Supplies Furnished Tenants.** In an action for rent by a landlord against the purchaser of the crops of his tenants, the defendant introduced evidence tending to show that plaintiff had told him that one of the tenants was the manager of the farm, the same as if he owned it; that whatever the tenant did would be alright; that this tenant arranged for defendant's company to supply the sub-tenants with provisions to be paid for out of their crop; that these supplies were furnished and the accounts paid out of the purchase price of the crops, the balance being paid to plaintiff. *Held,* that the evidence was sufficient to justify a finding for defendant.

4. **INSTRUCTIONS: Practice: Pleading: Evidence.** A party may during a trial object to evidence on the ground that it is irrelevant to the issue, or he may raise the question of variance after it is introduced, but if he does neither the trial court has a right to instruct on the evidence as introduced.

5. **PRINCIPAL AND AGENT: Agent's Authority: Evidence.** Neither the agent nor the scope of the agency can be proven by unsworn declarations or statements of the agent, but they may be shown by statements or admissions made by the principal.

6. ——: ——: **Secret Agreement Between Principal and Agent.** Where an agent is held out and represented by the principal to have general authority, any secret agreement or understanding between the principal and agent limiting the scope of the agent's authority, will not effect a third party having no knowledge thereof.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Reeves & Hawkins* for appellant.

(1) Under this proof it was the duty of the court to give judgment for the plaintiff, and the court erred in not doing so. R. S. 1899, secs. 4115, 4123, 4127, 4128; Belshe v. Batdorf, 98 Mo. App. 627; Williams v. DeLisle,

104 Mo. App. 567; Garroutte v. White, 92 Mo. 237. (2) The court erred in admitting evidence of statements on the part of defendant, made by Sharp as to the scope of his authority in dealing with plaintiff's farm. Neither the agency nor the scope of the agency can be proved by unsworn declarations or statements of the agent. Anderson v. Volmer, 83 Mo. 403; Mitchum v. Dunlap, 98 Mo. 418; Waverly Co. v. Cooperage Co., 112 Mo. 383; Bank v. Leyser, 116 Mo. 51; Bensberg v. Harris, 46 Mo. App. 404; Murphy v. Insurance Co., 83 Mo. App. 481; Peninsular Stove Co. v. Hardware & Furniture Co., 93 Mo. App. 237; Waters-Pierce v. Zinc Co.; 98 Mo. App. 324.

·*Faris & Oliver* for respondent.

GRAY, J.—This is an action brought in the circuit court of Pemiscot county, to recover the sum of $311.96, the amount claimed by the plaintiff to be due and owing from the defendant for cotton bought by the defendant from the tenants and sub-tenants of plaintiff.

The plaintiff, in February, 1906, owned a farm in Pemiscot county which he rented for that year to one Sharp for one thousand dollars, payable November 15, 1906. Plaintiff also agreed to furnish Sharp certain supplies with which to make the crop, and took Sharp's note for the amount payable December 1, 1906. Sharp moved upon the premises, made a crop on part of the land and sub-rented or share-cropped some of it to other parties. The defendant was at said times the general manager of the Holland Supply Company, a corporation engaged in the mercantile business, including buying and selling cotton. The defendant knew that Sharp was living on plaintiff's farm as a tenant, and purchased from Sharp and his sub-tenants about eight hundred dollars' worth of cotton which he knew was raised on plaintiff's farm in the year 1906.

The defendant answered with a general denial, and with the further defense that no demand was made for the subject-matter of the suit within eight months, as prescribed by section 4115, Revised Statutes 1899; that the defendant did not buy the cotton in person, but whatever cotton he did buy was purchased for the Holland Supply Company, and that the defendant only acted as the agent of the company in the transaction, all of which was well known by the plaintiff; that the Holland Supply Company paid to plaintiff the worth and value of the cotton purchased from said Sharp in so far as the plaintiff had a lien thereon for rent.

The plaintiff made a prima-facie case when he showed that he was the owner of the farm; that it was rented to Sharp; that the cotton raised by Sharp and his sub-tenants on the farm was sold to the defendant, and that the defendant purchased the same with knowledge of the fact that the cotton was raised by the plaintiff's tenants in the year 1906. [King v. Rowlett, 120 Mo. App. 120, 96 S. W. 493.]

The defendant then offered testimony tending to prove that in purchasing the cotton he was acting as the agent of the Holland Supply Company, and that the plaintiff knew that fact. In addition, the defendant offered testimony to prove that the plaintiff, in the presence of Sharp, said to him, "Sharp is the whole manager of the farm just the same as if he owned it," and whatever Sharp did would be all right; that Sharp afterwards bought hogs and cattle of the value of thousands of dollars, and that his drafts and orders therefor were honored by the plaintiff; that under the direction of plaintiff, an account was run at the Holland Supply Company's store by Sharp, and plaintiff paid the bills as they were approved by Sharp; that after the plaintiff had told him that Sharp was the whole manager of the farm, Sharp came to the defendant and made arrangements for the Holland Supply Company to let the sub-tenants have groceries and provisions while they were

making their crops, and that the Holland Supply Company would be paid out of the sub-tenants' crops; that supplies and groceries were furnished to the sub-tenants under this arrangement, and as the sub-tenants brought in their cotton, the Holland Supply Company purchased the same and out of the amount due the sub-tenants paid their accounts due said company.

The trial court found against the defendant on the Statute of Limitations and also on defendant's theory that he was acting as the agent of Holland Supply Company, but found for the defendant on the ground that the plaintiff had informed defendant that Sharp was the whole manager of the farm, and that in making the arrangements by which the sub-tenants were permitted to run accounts as the Holland Supply Company to be paid from the cotton raised and sold from plaintiff's farm, that Sharp was acting as the agent of plaintiff and authorized to make that agreement.

If the defendant's testimony is true, then the judgment of the trial court must be sustained. His testimony shows that Sharp was buying stock and that plaintiff was backing him in the enterprise and paying the bills therefor; that Sharp was running an account at the Holland Supply Company's store, and that the same was being paid by plaintiff when approved by Sharp, and that the plaintiff told the defendant that Sharp was the manager of the farm with the same authority as if he owned the land himself. Under such circumstances he had the right to believe that Sharp had authority from plaintiff to enter into the contract with defendant by which the sub-tenants were permitted to purchase provisions to be paid for when the cotton was sold. [Baker v. Railroad Co., 91 Mo. 152, 3 S. W. 486; The New Albany Woolen Mills v. Meyers & Co., 43 Mo. App. 124; Hackett v. Van Frank, 105 Mo. App. 384, 79 S. W. 1013.]

The plaintiff maintains that the defense that Sharp was the agent of plaintiff and made the arrangement by

which the sub-tenants were allowed credit at the store of the Holland Supply Company and that their part of the money derived from the sale of cotton was to be used in paying the accounts made, was not specially pleaded, and therefore not within the issues.

The answer alleges: "And defendant further says that said Holland Supply Company paid the plaintiff the worth and value of said cotton so purchased by it from said Henry Sharp, in so far as plaintiff had a lien thereon for rent." This, when fairly construed, admits that defendant had not paid plaintiff or Sharp for all cotton raised on the farm, but for all cotton which plaintiff had a lien for rent, and in the absence of a motion to make more definite and certain, may be held to permit the defense made.

In addition to this the testimony was offered without objection and the defendant asked an instruction on the evidence and is now complaining in this court because that instruction was not given. The rule is, that a party may, during a trial, object to evidence on the ground that it is irrelevant to the issue, or he may raise the question of variance after it is introduced, but if he does neither, the trial court has the right to instruct on the evidence as introduced. [Hensler v. Stix, 113 Mo. App. 162, 88 S. W. 108.]

The appellant complains of the manner in which the court permitted defendant to prove Sharp's agency. The complaint is not well founded. Appellant says that neither the agency nor the scope of the agency can be proven by unsworn declarations or statements of the agent. This is true. In this case it was not attempted to prove the agency in that manner. The defendant testified that plaintiff told him Sharp was his agent. The assignment of error is without merit. It is also urged that Sharp was only the agent of plaintiff for the purpose of buying farm repairs and other articles of similar character. There was no such limitation placed upon his authority by the plaintiff, if defendant's testimony

is true. The defendant says that plaintiff told him Sharp had the same authority as if he owned the land himself. This was a general authority, and any secret limitation or understanding between Sharp and the plaintiff would in no wise affect the defendant. [New Albany Woolen Mills v. Meyer & Co., 43 Mo. App. 124.]

The points urged by appellant for reversal have been considered, and we do not feel justified in interfering with the judgment of the trial court. It is not our province or right to pass upon the weight of testimony. The defense that plaintiff informed the defendant that Sharp was his general agent is supported by substantial testimony and is conclusive upon us. The judgment will be affirmed. All concur.