S. R. MEUX, Respondent, v. JULIUS HALLER, Administrator, Appellant.

St. Louis Court of Appeals, December 31, 1913.

1. **APPELLATE PRACTICE: Review of Question Whether Pleading is Departure: Prerequisites.** Where an amended statement is filed in the circuit court, on appeal from a justice's court, the original statement filed in the latter court, being an abandoned pleading, cannot be considered by the Court of Appeals, unless it is preserved in the bill of exceptions, and hence, where it is not so preserved, the question as to whether the amended statement was a departure cannot be considered.

2. **PRINCIPAL AND AGENT: Authority of Agent: Evidence.** The authority of an agent cannot be proved by his own declarations to third parties, although he is a competent witness to testify concerning the same, unless disqualified upon other grounds.

3. ——: ——: **Appointment of Subagent.** As a general rule, an agent does not have the power to appoint a subagent or

otherwise delegate his authority, unless he is expressly authorized to do so.

4. ———: ———: **Sufficiency of Evidence.** In an action for the purchase price of produce shipped by plaintiff to defendant, *held* that it was a question for the jury, under the evidence, whether defendant's agent, with whom plaintiff made the contract of sale, had authority to make such contract on behalf of defendant.

5. ———: ———: **Evidence.** The existence of an agency or the extent of the agent's authority need not be established by direct and positive proof, but may be inferred from facts and circumstances, or implied from the course of dealing between the principal and agent; the scope of the agency being determined, not alone from what the principal told the agent to do, but from what he knows, or ought to know, in the exercise of ordinary care and prudence, concerning what the agent is doing in the premises.

6. ———: ———:. **Question for Jury.** Where there is any substantial evidence from which an agent's authority may be fairly and reasonably inferred, the question is for the jury.

7. ———: **Sales: Action Against Principal: Instructions.** In an action for the purchase price of produce shipped by plaintiff to defendant, plaintiff claimed that defendant's agent instructed him to buy and ship the produce to defendant until notified to stop, and that he would receive $1 for each hamper, plus a commission. Plaintiff waived his right to the commission, and sought to recover on the theory of an outright sale of the produce. *Held*, that an instruction that if the jury believed defendant requested and directed plaintiff to buy and ship the produce until notified to stop, and promised to pay plaintiff one dollar for every hamper so shipped, and plaintiff made the shipment, he is entitled to recover, was not erroneous as abandoning the theory of an outright sale and submitting the case on a contract of employment to purchase, with guaranty.

8. ———: ———: ———: ———. In an action for the purchase price of produce, bought by plaintiff and shipped by him to defendant under a contract which plaintiff claimed defendant's agent had made, an instruction that, in considering the question of the authority of the agent to make the contract, the jury might consider other acts and conduct of the agent of which the defendant had notice, and that if the agent bought other like produce on behalf of defendant without objection, and defendant paid for it, then the agent's authority to contract with plaintiff might be inferred, was not vulnerable to the objection that it singled out evidence, nor to the objection that it charged the

jury that if the agent had authority to purchase produce for defendant, then the jury could infer that he had authority to employ someone else to purchase the same and to guarantee the net proceeds.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*George B. Webster* for appellant.

*Nelson Thomas* for respondent.

ALLEN, J.—This is an action growing out of a controversy over the shipment of a certain quantity of peas. The suit was instituted before a justice of the peace, where plaintiff prevailed; and upon appeal to the circuit court, and a trial *de novo* there, plaintiff again had judgment, from which this appeal is prosecuted.

The cause was originally instituted against one Albert S. Block, conducting a fruit and produce business in the city of St. Louis, under the name and style of A. S. Block & Company. It appears that, during the pendency of the suit in the circuit court, Block was declared to be of unsound mind by the probate court of said city, and one Maurice H. Biederman was appointed curator of his estate. The cause was thereupon duly revived against said Biederman as such curator, and resulted in a judgment against the latter, from which he prosecuted the appeal to this court. It further appears that thereafter, during the pendency of the appeal here Block died, and the cause has been revived against the administrator *pendente lite* of his estate.

Plaintiff filed in the circuit court an amended statement of its cause of action, upon which statement and the answer filed thereto the cause proceeded to trial. This amended satement avers, in substance,

that on or about May 20, 1909, the defendant, Albert S. Block, by his duly authorized agent, requested and directed plaintiff to buy peas at Keling, Tennessee, and ship the same to defendant until notified by the latter to stop; that defendant promised to pay plaintiff one dollar for every hamper of peas so shipped, and in addition thereto a commission for plaintiff's services of three per cent upon all such shipments. And it is averred that in pursuance of such agreement plaintiff shipped on divers dates a total of five hundred and fifty-six hampers of peas, whereby defendant became indebted to plaintiff in the sum of $556. And plaintiff expressly waives and relinquishes his claim for the said commission, acknowledges that defendant had paid him forty dollars on account of said shipments, then makes a voluntary credit upon the alleged indebtedness of the defendant to him in the sum of sixteen dollars, and prays judgment against defendant for $500 and interest.

The answer makes specific denials of the pertinent allegations of the petition, and avers that "all and any peas sent by plaintiff to defendant were sent on consignment, and that a full complete statement of what was done with said peas by defendant, while acting for and on behalf of the plaintiff, has by the defendant been made to plaintiff."

The evidence discloses that the plaintiff resided at Keling, Tennessee; that in May, 1909, he entered into an oral agreement with one Guillot respecting the shipment of peas to defendant. There is a controversy as to just what was the agreement made. It seems that plaintiff had some peas of his own which he had raised, and he testified that Guillot told him to ship these and to buy others and ship them, and that he would receive one dollar per bushel for all that he might ship to defendant, and in addition three per cent upon the sale price of the peas which he might purchase from others and so ship. And this, in substance,

is corroborated by witnesses who were present at the time of the conversation between plaintiff and Guillot.

At the time of this agreement, Guillot paid plaintiff forty dollars; and plaintiff testified that Guillot agreed to send the remaining money "by wire," upon shipment being made. Another witness testified that Guillot states that he would wire to defendant to send plaintiff a check. It appears that after shipping the peas, and not hearing from defendant, plaintiff called up the latter's place of business in the city of St. Louis over the long distance telephone, and some conversation was had with respect to the matter; but just what was said does not appear. On the same day defendant wrote plaintiff regarding the shipment, stating that the peas in question had become heated in transit, that the car containing the same had been wrecked, and that such of the peas as could be disposed of at all had been sold for a nominal price.

On behalf of plaintiff there was testimony of other witnesses who stated that Guillot at or about the time of the transaction with plaintiff, bought peas from them outright, paying therefor with drafts drawn upon defendant, and which were honored by the latter.

On behalf of defendant, there was testimony tending to show that Guillot had actual authority, as defendant's agent, only to solicit goods to be shipped defendant on consignment. Guillot so testified, denying that he had authority to make any purchase outright, and denying that he made the contract sued upon, but stating that the peas were to be consigned on a commission basis. He testified that the forty dollars which he had given plaintiff was loaned to the latter by him personally, to be repaid out of the proceeds ultimately to be derived from the sale of the goods shipped by plaintiff.

I.    The first assignment of error pertains to the action of the trial court in overruling a motion of de-

fendant to strike out the amended statement filed.. This proceeds upon the theory that this amendment changed the cause of action from that which was tried before the justice. And the second assignment of error also pertains to the amendment of the statement in the circuit court, the point being that the circuit court acquired no jurisdiction to try the issues raised by the amended statement because of the alleged variance between the latter and the issues tried before the justice.

We find, however, that the questions thus attempted to be raised are not before us for review, for the reason that the original statement filed before the justice is not included in appellant's bill of exceptions, nor there called for. It was an abandoned pleading, and could be made a part of the record only as a matter of exception; and not having thus been incorporated into the record, it is not before us. There is therefore nothing here for our consideration with respect to the character or effect of the amendment made. [See Railroad v. Bank, 212 Mo. 505, 111 S. W. 574; Forrister v. Sullivan, 231 Mo. 345, 132 S. W. 722; Campbell v. Boyers, 241 Mo. 421, 145 S. W. 807.]

II. It is urged that there was no competent. evidence of the authority of Guillot to bind the defendant in the premises; and that for this reason the court erred in overruling defendant's demurrer to the evidence and permitting the case to go to the jury. It is quite true, as appellant says, that the authority of the agent cannot be proved by his own declarations to third parties; though he is a competent witness to testify concerning the same, unless disqualified upon other grounds. [Griswold v. Haas, 145 Mo. App. 578, 122 S. W. 781; Mitchell v. Samford, 149 Mo. App. 72, 130 S. W. 99.] The question here pertains to the extent of the agent's authority. It is conceded that he was in fact an agent of defendant, but it is denied that he had

authority to bind the defendant by such a contract as that upon which plaintiff relies and asserts was made. No assignment of error is made respecting the admission in evidence of testimony as to declarations of Guillot concerning his own authority. And we find in the record no specific objections made to such testimony as there was of this character. But it is urged that there was no substantial evidence, which was competent or had any probative force, to show that Guillot had authority to make the contract sued on. It is claimed that he had no authority to make purchases outright for the defendant, and none to employ some one else to make such purchases and bind defendant to pay a commission or other compensation therefor.

Undoubtedly the rule is, that in general an agent does not have authority to appoint a subagent, or otherwise delegate his authority, unless he is expressly authorized so to do. [See Hodkinson v. Machinery Co., 161 Mo. App. 87, 142 S. W. 457.] But we deem this question not material here, in the state of the record before us. It is true that plaintiff avers an agreement to pay him a commission upon goods purchased by him from others and shipped to the defendant. However, plaintiff is not seeking to charge defendant with liability therefor, but disclaims and relinquishes any claim on account thereof. Plaintiff asserts that, aside from the matter of commission, the agreement was to pay him one dollar per bushel hamper for all peas shipped to defendant. Plaintiff's cause of action does not proceed upon the assumption that Guillot had authority to appoint subagents, or employ others, but upon the ground that he was authorized to contract for the purchase of produce for defendant and to bind the latter to pay the agreed price therefor. Respecting this question there is evidence in the record from which we think it may be fairly inferred that he did have such authority, and that hence this question became one

to be determined by the jury under all the facts and circumstances appearing in evidence.

It appears that Guillot was a traveling representative of defendant soliciting business for the latter; that he had dealings with various persons in the vicinity in which plaintiff lived at or about the time of the transaction here in question; that he not only dealt with plaintiff, but that he actually purchased peas for defendant from other persons in the vicinity, and paid for the same with drafts drawn on the defendant, and which the defendant honored and paid; and that he paid plaintiff forty dollars at the time of making the contract.

The existence of the agency, or the extent of the agent's authority, need not be established by direct and positive proof but may be inferred from facts and circumstances in evidence. And if there is any substantial evidence from which the agent's authority may be fairly and reasonably inferred, the question is one to be referred to the jury. [See McCloud v. Telegraph Co., supra; Distillery Co. v. Van Frank, 147 Mo. App. 204, 126 S. W. 222; Phillips v. Geiser Mfg. Co., 129 Mo. App. 396, 107 S. W. 471; Hackett v. Van Frank, 105 Mo. App. 384, 79 S. W. 1013; Heffernon v. Boteler, 87 Mo. App. 316; Bonner v. Lisenby, 86 Mo. App. 666; Harrison v. Railway Co., 50 Mo. App. 332; Cummings v. Hurd, 49 Mo. App. 139.] The authority of the agent may be implied from the course of dealing between the principal and the agent. [See McCloud v. Telegraph Co., supra, l. c. 630, 631 and cases cited.] And "the scope of an agency is to be determined not alone from what the principal may have told the agent to do, but from what he knows or ought to know, in the exercise of ordinary care and prudence, the agent is doing in the premises." [Law Reporting Co. v. Grain Co., 135 Mo. App. 10, 115 S. W. 475.]

We are of the opinion that the evidence was sufficient to warrant the submission of this question to the

jury, and that the court could not, under the circum-
stances, have declared as a matter of law that there
was no evidence from which the agent's authority to
make the contract in question could be reasonably in-
ferred.

III.   A further assignment of error pertains to the
giving of an instruction at the request of plaintiff
which, in substance, told the jury that if they believed
from the evidence that defendant requested and di-
rected the plaintiff to buy and ship peas to defendant
until notified to stop, and that defendant promised to
pay plaintiff one dollar for· every bushel so shipped,
and that plaintiff in reliance thereupon made shipment
of peas to defendant, then plaintiff was entitled to
recover.

This instruction is assailed upon the ground that
plaintiff thereby ''abandoned the theory of an outright
sale of the peas, and submitted his case on a contract
of employment to purchase, with guaranty.''   We are
unable, however, to see any merit in this contention.
The instruction authorizes a recovery upon a finding
that defendant promised to pay plaintiff one dollar for
every hamper of peas shipped.   This is the theory
upon which plaintiff's cause of action proceeds, as
shown by the essential averments of his statement
thereof.   It is bottomed upon this alleged promise to
pay a certain price per bushel for the peas.   We per-
ceive no error in the giving of this instruction.

IV.   Another instruction given for plaintiff is
complained of, which is as follows:

''In considering the question of the authority of
Guillot to make a contract with the plaintiff for and
on behalf of the defendant, if you find from the evi-
dence that Guillot did make, or attempt to make such
contract, you may take into consideration the other acts
and conduct of said Guillot, of which the defendant had
notice, and if you find that Guillot bought peas for and

on behalf of defendant to the knowledge and without the objection of the defendant and that defendant paid for said peas, then you have the right to infer that said Guillot had authority from the defendant to make purchases on his (defendant's) account from other persons as well, including the plaintiff.''

It is said that this instruction tells the jury that if Guillot had authority to purchase peas for defendant, then the jury may infer that he had authority to employ some one else to purchase the same and to guarantee the net proceeds. And it is also assailed upon the ground that it ''singles out a particular portion of the evidence, emphasizes it with undue prominence and bases a conclusion of law upon it, without reference to the other testimony in the case bearing upon the same proposition.''

But we think that the instruction is not vulnerable to attack upon either of such grounds. It merely tells the jury that Guillot's authority to purchase goods for defendant and to bind the latter to pay therefor, may be inferred from like dealings on his part with others which were known to the defendant and sanctioned by him. As we have said, there was testimony from which such authority on the part of the agent might well be inferred; and it was merely sought by this instruction to tell the jury that they were at liberty to draw such inference, if they found the facts mentioned. This in fact was the very crux of the case. It was proper to instruct the jury thereon, and it did not give undue prominence to a portion of the testimony.

A careful examination of the record has revealed no reversible error. There was substantial evidence in support of plaintiff's case; and the jury evidently found the issues of fact in his favor, both as to the agent's authority and the character of the contract made. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni,* J., concur.