Chouteau Land & Lumber Co. v. Chrisman.

---

CHOUTEAU LAND AND LUMBER COMPANY, Appellant, v. CHRISMAN et al.

Division Two, March 17, 1903.

1. **Ejectment:** EQUITABLE DEFENSE: DECREE. Where it is admitted in ejectment that the legal title is in plaintiff, and the only issue is whether or not the land sued for has been paid for according to the terms of a sale to defendant as alleged in the answer, which prays for affirmative relief, a general judgment for defendant, with nothing more, is erroneous. If the court finds all the issues for defendant he is entitled to a decree vesting the title in him; if the court's finding is that a part of the purchase money remains unpaid, the court should ascertain how much and decree title to defendant on condition that he pay such balance within a time fixed by the decree.

2. ———: ———: EVIDENCE: NOTES: NOT MARKED PAID. If the only issue in ejectment is whether or not the notes given for the purchase of land were paid, such notes are not inadmissible because they are not marked paid. If defendant had the notes the fact that they were not marked paid, may be considered by the court in determining

whether or not they were paid, but that fact in no wise affected their admissibility in evidence.

3. **Impeachment of Witness: FORMER CONVICTION.** It is proper in an ejectment to ask defendant on cross-examination if he had not been indicted for stealing timber and if he did not plead guilty. Under the statute of 1895 (sec. 4680, R. S. 1899) the conviction of a witness "of a criminal offense" may be proved to affect his credibility, either by the record or by his own cross-examination. Since the enactment of that statute the conviction which affects the credibility of a witness does not have to be "a conviction of a felony or petit larceny", as formerly.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*J. R. Young* for appellant.

(1) A state of facts relied upon for equitable relief should be established by at least one credible witness. (2) Notwithstanding the deference due the trial court, the finding of facts still rests on the appellate court, in chancery causes, and appellate courts are invested with full power to make their own finding of facts, and enter up such judgment as they deem proper and just. Dalrymple v. Craig, 149 Mo. 345; Courtney v. Blackwell, 150 Mo. 245; Parker v. Vanhauser, 142 Mo. 621; Benne v. Schnecko, 100 Mo. 258; Fanning v. Doan, 139 Mo. 392; Blount v. Spratt, 113 Mo. 54; Fulkerson v. Sappington, 104 Mo. 487; Droster v. Mueller, 103 Mo. 634; Brown v. Fickle, 135 Mo. 409. "When an equity case comes up to this court, it is for hearing *de novo,* and it will be considered, for the most part, as if it had originated here and was to be heard for the first time." Lins v. Lenhardt, 127 Mo. 280. (3) The agent of an agent is not an agent of the principal, and the collection of notes by one who is attending to the business of the agent does not affect the principal unless it is shown that the principal received the proceeds of the collection.

*Ralph Wammack* for respondent.

## STATEMENT.

This was an action in ejectment for the southeast quarter of the northwest quarter of section 15, township 27, range 11 east, in Stoddard county, Missouri. Petition was in usual form.   Process was regular.

The answer was an equitable one and was as follows:

"Now this day comes C. M. Chrisman, one of the above-named defendants, and for his separate answer to plaintiff's petition herein, says that said plaintiff was not and is not entitled to the possession of the premises in the petition described as in said petition alleged. Defendant admits that he is in the possession of said premises and had possession of same at the time of the institution of this suit, and still continues to hold same. And for further answer defendant says that on February 23, 1895, he and one T. J. Quick were partners and business associates, doing business in Stoddard county under the firm name and style of Quick & Chrisman. That on said day Charles P. Chouteau of St. Louis, Missouri, was the owner of the land described in plaintiff's petition, and large bodies of other lands located in Stoddard county.   That on said 23rd day of February, one D. S. Crumb was the duly accredited and acting agent for said Charles P. Chouteau in Stoddard county, with an office and place of business in Bloomfield in said county.   That said D. S. Crumb was on that day, and had been for a long time prior thereto, conducting a real estate business for Charles P. Chouteau, and had full power and authority to sell any lands belonging to said Chouteau in Stoddard county. That on said day the said D. S. Crumb, and for a long period thereafter, was absent from his office in Stoddard county, and absent from the State of Missouri, and that during the absence of said D. S. Crumb as aforesaid, his brother, one George H. Crumb, had charge of his said office and the business of said Charles P. Chouteau, and was duly au-

thorized and empowered to transact the usual and ordinary business of said Charles P. Chouteau in the absence of his said brother, the said D. S. Crumb, and his acts as such were at all times ratified and confirmed by said D. S. Crumb and Charles P. Chouteau. Defendant further says that on said day, this defendant, for and on behalf of Quick & Chrisman, purchased the real estate described in plaintiff's petition from said Charles P. Chouteau by and through his said agents, the said D. S. and George H. Crumb, for the price and sum of one hundred and forty dollars, and that he then and there paid Charles P. Chouteau, as part purchase price of said land, the sum of fifty dollars in cash, in the shape of a check on the Continental National Bank, of St. Louis, Missouri, and that on said date the said firm of Quick & Chrisman made, executed and delivered to said George H. Crumb their two certain promissory notes of that date, wherein they covenanted to pay Charles P. Chouteau the sum of ninety dollars, the balance of said purchase money for said land. That one of said notes was for the sum of fifty dollars, and due and payable one year after date, and the other for forty dollars, due and payable two years after date. Defendant states that long before said notes became due he fully paid off and discharged same, and thereby became and was entitled to a deed for said real estate. Defendant says that after making full payment as aforesaid for said land, he demanded of Charles P. Chouteau, by and through his agent, the said D. S. Crumb, a deed in due form of law, conveying to him, the said defendant, the said real estate, but the said Charles P. Chouteau has wholly failed, neglected and refused to make said deed. That on the — day of — 189—, the said ————— by mistake conveyed said land to one Floyd King, that said conveyance was an error, and on the — day of — 1898, the said Floyd King reconveyed said land to the plaintiff herein. That on the — day of — 189—, the said Charles P. Chouteau conveyed all his lands in Stoddard county to the Chouteau Land and Lumber Company, the plaintiff herein. That Charles P. Chouteau is the prin-

cipal stockholder in said company, and organized the same for the purpose of assuming and conducting the business of said Charles P. Chouteau in the sale of lands in Stoddard and other counties of southeast Missouri, and carrying out the sales and contracts of the said Charles P. Chouteau in relation to said land, and that they took said land described herein subject to all the equities and claims of this defendant, with full knowledge thereof, and that the said D. S. Crumb was for a long time after said change of name the agent of the said plaintiff herein. Defendant further says that he has demanded a deed from plaintiff for said land, and that the said plaintiff, with full knowledge of defendant's rights in the premises, induced the said Floyd King to convey said land to it, for the purpose of enabling it to make defendant a title to same, but says that plaintiff has wholly failed, neglected, and now refuses to make him a deed to said real estate. Defendant says that after said purchase and payment aforesaid, the firm of said Quick & Chrisman was by mutual agreement dissolved, and this defendant by the terms of said dissolution became the sole owner of said real estate. Defendant therefore says that he is the owner of the equitable title to said real estate and entitled to the legal title thereof. That after said purchase he entered upon said land and made valuable, permanent and lasting improvements thereon; that said improvements are of the value of four hundred dollars. Wherefore defendant asks that his title to said premises be adjudicated, and that plaintiff be directed to convey by good and proper warranty deed said premises to this defendant, C. M. Chrisman, or that he have judgment against the said plaintiff for the sum of one hundred and forty dollars, the amount of the purchase price of said real estate, with interest thereon at the rate of eight per cent per annum from the — day of ——, 1895, the date of payment thereof, and the sum of four hundred dollars for improvements put upon said premises by this plaintiff in good faith, and that said sums be declared a lien upon said real estate in the hands of plaintiff, and for such

other and further relief as to the court shall seem meet and proper.''

The answer of the other defendant, Robert King, was a general denial.

The replication of plaintiff to the answer of defendant Chrisman was a general denial.

FOX, J.—The record discloses in this case that it was admitted by both plaintiff and defendants that appellant had the legal title to the land in controversy, subject to whatever equities the defendant Chrisman may have, and it is further admitted that defendants were, at commencement of this action, *in possession.* It is unnecessary to burden this opinion with a detailed statement of the evidence. As to the questions presented by the record in this cause, for determination, it is sufficient to say that the only issue submitted to the trial court was the one presented by the equitable answer and its denial in the replication.

The only contested question in this cause was as to the payment of the balance of purchase money for this land. Upon this dispute, the testimony is sharply in conflict. From this record, it appears to be practically conceded, that if the defendant made full payment for the land he is entitled to a conveyance from the plaintiffs. This concession we find in the brief and argument submitted to this court by the appellant, in which it is stated, ''There has never been a time when he could not have paid balance of purchase price and got a deed. He can yet pay costs and balance of purchase price and get a deed.''

The testimony upon the issue as presented by the answer, as before stated, was conflicting.

Upon the submission of this cause to the trial court, on the testimony and admissions of parties heretofore mentioned, it rendered the following judgment:

''Now comes the parties by their respective attorneys and all and singular the matters and things herein are submitted to the court for trial, and the court having seen and heard the pleadings herein, and all the evi-

dence adduced by the parties, and being fully advised in the premises, doth adjudge herein for defendant. It is therefore considered and adjudged by the court that plaintiff take nothing by this action, that defendant go without day and recover from plaintiff the costs and charges of this suit expended."

While we will express no opinion as to how the trial court should have decided the issue presented by the equitable answer in this cause, or in whose favor the evidence preponderated, we are clearly of the opinion that the judgment rendered was erroneous. If the court found the issues for the defendant, then there should have been a decree in accordance with the prayer in the answer, vesting the title in him, or if under the evidence the court found all the issues for the defendant, except as to the payment of the balance of the purchase money, then a conditional decree could have been rendered, conditioned upon the defendant paying the balance of the purchase money, and all interest due thereon, together with cost in the case, then the title to vest in the defendant.

The defendant in this cause was either entitled to one of the decrees, as suggested herein, or he was not entitled to recover at all.

It is admitted in the record that the legal title to the land in dispute was in the plaintiff, subject to the equities of the defendant, and the only manner in which this title, as is here admitted, can be defeated is upon a proper showing by competent evidence introduced at the trial and a decree rendered in response to such evidence.

This judgment can not be supported upon the issues presented, and the evidence and admissions submitted to the trial court.

As this case is to be retried, we will pass upon the contentions as to the admissibility of evidence.

The first question upon the subject to which our attention is called is the error complained of in the action of the court, in admitting the notes in evidence, which defendant says he had paid. It is urged that this was error, because the notes were not marked or indorsed

as being paid.   There was no error in the admission
of this testimony.   There is no law, rule or custom re-
quiring notes to be thus marked or indorsed.   The de-
fendant had the notes, identified them as notes having
been executed for the payment of part of the purchase
of this land, and stated that he paid them.   He had the
right to exhibit these notes and make profert of them to
the court.   The fact that they were not indorsed as
paid, might be considered by the court in weighing the
testimony, as to whether or not they had been paid; but
the absence of this mark could not affect their admissi-
bility.

The only other question as to the admissibility of
evidence during the progress of this trial, of which
complaint is made, is the refusal of the court to permit
defendant Chrisman to answer the question, ''Were you
not indicted for stealing timber a short time ago, and
did you not plead guilty?''   We can readily under-
stand why the court excluded this testimony.   It simply
followed a long and unbroken line of decisions, holding
that ''convictions which would affect/the credibility of
a witness must be a conviction of a felony or petit lar-
ceny.''

In 1895, the General Assembly enacted what is now
section 4680, Revised Statutes 1899, which provides that
''any person who has been convicted of a criminal of-
fense is, notwithstanding, a competent witness; but the
conviction may be proved to affect his credibility, either
by the record or by his own cross-examination, upon
which he must answer any question relevant to that in-
quiry, and the party cross-examining shall not be con-
cluded by his answer.''   [Laws 1895, p. 284.]

Most of the cases announcing the rule mentioned
that the conviction had to be for a felony or petit lar-
ceny, were decided prior to the enactment of this sec-
tion; some of them, however, were decided since; but
this court, at its present term, in the case of State v.
Blitz, 171 Mo. 530, fully interprets that section and an-
nounces that the rule as laid down in the cases sug-
gested, are no longer to be followed.   This question

was a proper one and it was error for the court to exclude it.

Entertaining the views as herein expressed, and to the end that the court may have an opportunity of rendering a proper decree in this cause, upon a retrial of it, the judgment in this cause is reversed and remanded. All concur.