## CHOUTEAU LAND and LUMBER COMPANY, Appellant, v. CHRISMAN et al.

### Division One, May 29, 1907.

1. **AGENCY: Delegation.** An agent of an agent is not the agent of the principal. Unless the principal empower the agent to delegate the agency, it cannot be done.

2. ———: ———: **Sale of Real Estate.** But where the agent of the agent, who had authority to sell his principal's land, did nothing more than the clerical work of drafting certain papers in connection with the sale of the land and leaving them on the agent's desk for such action as the agent might see fit to take, the sale, if any was made, was by the agent, and not by the agent's agent. And when the memorandum which accompanied the check made payable to the principal, informed the agent that it was in part payment for certain land, and he transmitted it to the principal, or even if he misused it, it became the earnest money to bind the sale.

3. ———: ———: ———: **Messenger.** But not so as to a check delivered to the agent's agent, which neither the principal nor his agent ever received. As to that check the agent's agent was merely the purchaser's messenger, and if he did not transmit the check to the principal's agent it was not a payment for the land, though the agent might be liable for his agent's failure to deliver the check.

4. ———: ———: **Proof: Admission.** Where it is admitted in open court that a certain person was the landowner's agent to sell the land, it is not necessary to prove by a writing or otherwise that he was such agent. And an admission in open court

that a certain person was the landowner's agent, made in the face of the purchaser's claim that said person was the landowner's agent under written authority to sell the land, is an admission that the agent had such authority.

5. ———: **Sale of land to Firm: Dissolution.** Where land was purchased for a firm by one of its partners, and the earnest money was paid by the firm's check, and at the time of the suit against its members to quiet title the firm was dissolved, but the evidence fails to show that by the terms of the dissolution one member became sole owner of the land, that member is not entitled to a decree vesting the title in him for his own use.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. R. Young, Arthur B. Shepley* and *John A. Harrison* for appellant.

(1) "No contract for the sale of lands, made by an agent, shall be binding upon the principal unless said agent is authorized in writing to make such sale." R. S. 1899, sec. 3418; Greening v. Steel, 122 Mo. 287. (2) The authority of an agent must appear sufficiently to identify the land. That fact cannot be supplied outside. Johnson v. Fecht, 185 Mo. 335. (3) Ratification of a sale of real estate by an agent must be in writing when the agent has no written authority to sell such real estate. Hawkins v. McGroarty, 110 Mo. 546; Johnson v. Fecht, 185 Mo. 335. (4) A parol contract for the purchase of real estate, made with either principal or agent, is not taken out of the Statute of Frauds by the vendee taking possession, unless he does so by the consent of the vendor in pursuance of such contract. Cockrell v. McIntyre, 161 Mo. 59.

*Ralph Wammack* and *A. T. Welborn* for respondents.

(1)   The Statute of Frauds has no applicability to the facts in this case for the following reasons:  (a) The contract of purchase itself is clearly proven by the writings introduced in evidence.  The check, the receipt, and the notes clearly identify the land, the contract and price and the parties to the sale and purchase, and in addition to these it is shown that a memorandum in writing embodying the terms of the trade was made at the time and left on the table of D. S. Crumb, the agent of Chouteau, and the plaintiff.  (b) · The authority of D. S. Crumb as the agent for Chouteau is admitted by the record, and this admission is sufficient to vest him with the full legal right to sell the land.  (c) The authority of George H. Crumb to represent his brother in the sale of this land is admitted by the record, and this admission imports legal authority and such as is contemplated by the statute; however, that is unimportant, as the act of George H. Crumb was the act of his brother and by his brother fully ratified.  (d) The authority of D. S. Crumb to act for both Chouteau and the plaintiff is further conclusively shown by the deposition of Mr. Crumb taken by the plaintiff and by it introduced in evidence, and from this there could be no possible escape by the plaintiff.  (e)   The sale was fully recognized by Glover, the secretary and general manager of the plaintiff in charge of their home office in Bloomfield, Missouri, who procured a deed from King to straighten out the title for the purpose of conveying the same to defendant upon the payment of the disputed $90.     (2)   The complete performance of the contract by one contracting party forecloses his adversary from interposing the Statute of Frauds as a defense.   Bless v. Jenkins, 129 Mo. 657;  Marks v. Davis, 72 Mo. App. 562.  (3)   One who sells an equitable interest in lands, receives the consideration and yields pos-

session, will not be permitted to say afterwards that it was not in writing. Grumley v. Webb, 48 Mo. 586. One who purchases land, takes possession, and improves the same, has a contract which can be enforced, though it is not in writing. Rosenberger v. Jones, 118 Mo. 565.

VALLIANT, P. J.—Plaintiff sued in ejectment for the possession of southeast quarter of the northwest quarter of section 15, township 27, range 11 east, forty acres in Stoddard county. Defendant Chrisman answered, admitting legal title in plaintiff, but claiming the equitable right to have the legal title conveyed to him by virtue of a purchase by him from an agent of plaintiff under which he went into possession, made valuable and permanent improvements, and has continued in possession; the answer prays that plaintiff be required to convey title to defendant, or that defendant have judgment for the purchase money paid and the amount expended for improvements, and interest, and a lien on the land for the same. Reply, general denial. Chrisman was the only defendant claiming any interest in the land and he will herein be called the defendant. At the trial the evidence on the part of defendant tended to prove as follows:

February 23, 1895, this land belonged to Charles P. Chouteau; at that date D. S. Crumb was the agent of Chouteau for the sale of this and other lands in that county. Defendant and one Quick were partners in business. On the day mentioned defendant called at the office of D. S. Crumb, found that he was absent, his brother George Crumb was in charge of the office and acting for him; defendant made an agreement with George Crumb acting for D. S. Crumb to purchase the land in suit for the sum of one hundred and forty dollars, of which sum he paid fifty dollars by check on a

St. Louis bank, payable to the order of D. S. Crumb, and signed two notes written by George Crumb, one for fifty dollars, payable in one year, the other for forty dollars, payable in two years, both payable to the order of Charles P. Chouteau, with a memorandum at the foot of the first note that it was secured by deed of trust on this land, and memorandum at the foot of the other that it was secured by deed of trust. The notes were signed C. M. Chrisman, T. J. Quick; both names were written by Chrisman.

Afterwards on the same day, defendant returned to Crumb's office and paid to George Crumb the amount of the two notes and they were delivered to him. He at the time asked for a receipt, but George Crumb said that possession of the notes was all that he needed to show payment. Defendant immediately took possession of the land, which was then unimproved woodland, and cleared it all except about four acres, fenced the whole tract and built some houses on it; the cost of clearing, fencing and the houses aggregated about one thousand dollars; this was all done in the year 1895.

On receiving the check for fifty dollars George Crumb gave defendant a receipt dated February 23, 1895: "Received of Quick & Chrisman the sum of fifty dollars, to apply on purchase of the southeast quarter of the northwest quarter sec. 15, township 27, range 11 east. Paid by check on St. Louis. D. S. Crumb, by George H. Crumb agent." The check was in evidence, it was signed Quick and Chrisman and bore these endorsements: "Pay to C. P. Chouteau or order, D. S. Crumb," "For deposit to the credit of Charles P. Chouteau."

After the above dates the plaintiff corporation succeeded to the rights of C. P. Chouteau in the land, but it is not contended that as against the defendant the corporation acquired any greater right than Chouteau

himself could have asserted. D. S. Crumb continued for a time, just how long the evidence does not show, as agent for the plaintiff corporation, as he had been for Mr. Chouteau, and while he was such agent had some correspondence with the defendant.

It appears that June 1, 1896, one Floyd King purchased of D. S. Crumb, or rather through his agency, forty acres adjoining the land in suit and by mistake the deed to him described this land. When King discovered the mistake he called D. S. Crumb's attention to it. On September 9, 1896, Crumb wrote to defendant as follows: "Mr. King tells me that you have cleared and built on the northwest quarter northeast quarter south 15, township 27, range 11 east, belonging to the Chouteau Land Co. and that you claim to have bought the same. There is a mistake somewhere, as my books do not show any sale of this land. I should be glad to hear from you in regard to the same." Again he wrote suggesting that defendant send him the receipt for examination, saying, "Of course I am responsible for any contract George made in my absence." And on November 14, 1896, he again wrote returning the receipt, saying: "I think there is an error in the numbers of the land. We can settle all right when you come in at court. Please bring the receipt with you. The numbers in this receipt are of forty sold to King, I suppose the forty you want is north of King's east forty, which would be northwest northeast——15—27—11."

In August, 1898, the plaintiff obtained from King a quitclaim deed to the land in suit, which had been deeded to him by mistake, and then offered to make a deed conveying it to the defendant on condition that he would pay ninety dollars, then claimed to be due on the purchase price, and interest, but defendant refused to pay the amount, claiming that he had already paid it.

At the trial the following admission was made:

"It is admitted that D. S. Crumb was at the time alleged agent for Charles P. Chouteau and that George H. Crumb was the agent of D. S. Crumb; and that Charles P. .Chouteau conveyed the land in question to plaintiff after the time defendants claim to have purchased the same."

On the part of plaintiff the testimony tended to prove the transaction between George Crumb and Chrisman substantially as Chrisman testified, except that George Crumb denied that Chrisman paid the ninety dollars called for by the two notes. He stated that when Chrisman left the office he carried with him the notes and deed of trust and that was the last the witness heard of the matter until this controversy arose. He also testified that he left the fifty-dollar check with a memorandum of the proposed sale on the desk of D. S. Crumb in such position as would be likely to attract his attention when he should return.

D. S. Crumb testified that on his return to his office after an absence of several days he found the check and memorandum his brother had placed there, but finding no notes or deed of trust to cover the deferred payments he wrote to defendant to send in the papers; receiving no answer he wrote again saying that unless the notes and deed of trust were forthcoming he would call the trade off. Witness forwarded the check to Mr. Chouteau on account of his monthly settlements, but forwarded nothing with it to indicate to Mr. Chouteau what the check was for—it showed only a check for so much money in witness's favor.

The finding and decree were for the defendant on the equity cause stated in the answer, divesting the plaintiff of the title and vesting it in defendant Chrisman, giving judgment for defendant also on the plaintiff's cause of action. From the judgment and decree so rendered the plaintiff has appealed.

This is the second appeal in this cause. [Chouteau

L. & L. Co. v. Chrisman, 172 Mo. 610.] The judgment of the trial court from which the former appeal was taken disposed only of the legal issues tendered in the plaintiff's petition, but left undecided the issues tendered in the equitable answer; for that reason the judgment was reversed and the cause remanded for a new trial. On the first trial the only defense that the plaintiff made to the defendant's suit for equitable relief was that the ninety dollars, the deferred parts of the purchase money, had not been paid. But on the second trial, with which we are now concerned, some new questions of law were raised and are now presented for our decision.

Plaintiff insists that the defendant's alleged purchase comes within the purview of the Statute of Frauds, and not being evidenced by a writing signed by the party sought to be charged is void, and that in so far as the claim is based on the alleged acts of an alleged agent it is also void under the following clause of section 3418, Revised Statutes 1899: "No contract for the sale of lands, made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract."

If the defendant's case depended on showing the authority of George Crumb to sell the land it would fail, because there is no legal proof of such authority. It was admitted at the trial that George was the agent of his brother, but the agent of an agent is not the agent of the principal. *Delegata potestas non potest delegari.* Unless the principal empower the agent to delegate the agency it cannot be done. There was no proof that Chouteau had authorized D. S. Crumb to entrust to any one else the agency entrusted to himself.

But George Crumb did not undertake to act in the capacity of agent to sell this land, he did nothing more than the mere clerical work of drafting certain papers and leaving them on the agent's desk for such action as

the agent might see fit to take. If George Crumb had made a misuse of the fifty-dollar check or the other papers delivered to him, the defendant might have held D. S. Crumb responsible, because George was his agent, but he could not hold the owner of the land responsible, because George was not his agent. But D. S. Crumb was the agent of the landowner, and when that check and memorandum came into his hands they were in the contemplation of the law in the hands of Mr. Chouteau. The memorandum which accompanied the check informed D. S. Crumb what it was for, and when he used the check, or even if he had misused it, it became the earnest money to bind the contract for the sale of that land. After that the defendant had a right to demand a deed if the remaining ninety dollars had been paid, or, if it had not been paid, he had a right to pay it and then demand the deed.

But it is said that there was no proof in writing that D. S. Crumb was the landowner's agent to sell this land. No proof of that was necessary because it was solemnly admitted in open court. It was not admitted *in totidem verbis* that he had authority in writing to sell the land, but the admission was that he was the landowner's agent, and that admission was made in the face of the claim on the part of the defendant that he was the agent for that purpose, it was made to render proof of that fact unnecessary, it was so understood and so acted on. The Statute of Frauds is a law of evidence, its purpose is to exclude all evidence offered to establish disputed facts of a certain character except evidence in writing signed by the party sought to be charged, but where the fact is admitted by the party sought to be charged proof of any kind is unnecessary.

Up to this point the defendant has proved his case; that is, the landowner's agent has accepted the check as earnest money or part payment for the sale of this

land, with a memorandum informing him what it was for; he has made use of the check, and therefore defendant is entitled to a deed if he has paid the rest of the purchase money, or he is entitled to a deed upon payment of it now if he has not before paid. There is an irreconcilable conflict in the testimony on the question of whether that payment was made. Chrisman testified that he paid the money to George Crumb on the same day that he gave him the check. George Crumb is just as emphatic in his testimony that Chrisman never paid him the money.

But if Chrisman paid George Crumb the ninety dollars, there is no evidence that it ever came into the hands of D. S. Crumb. George as we have seen was not the agent of the landowner; if he had given the money as he gave the check to his brother, the agent, along with the memorandum, and the agent had accepted it, then the principal would have been bound.

If the defendant placed the money in the hands of George to deliver to the agent he made George his own messenger and took the risk of his doing his duty; if the money was never delivered to the landowner's agent the landowner is not bound. In such case the landowner was no more responsible for the money so attempted to be transmitted to his agent than he would have been if the defendant had chosen any other messenger. The evidence shows that George Crumb was D. S. Crumb's agent; therefore, if the defendant gave the money to George to deliver to D. S. Crumb and he failed to do so, D. S. Crumb might be personally liable to defendant for the amount, but not the landowner.

We are not going to decide this dispute of fact, because it is immaterial; the plaintiff might, if it should see fit to do so, concede that the defendant paid the money to George Crumb, yet it was not a payment to Chouteau or his agent and the defendant was not en-

titled to a deed to the land until that balance of the purchase money was paid.

There is another fact in this case now which was not in it when it was here on the former appeal. The defendant in his answer says that he made this purchase for his firm of Quick and Chrisman, that the firm was afterwards dissolved by mutual consent, and that by the terms of the dissolution the defendant became the sole owner of the land.

The evidence shows that the purchase was made for the firm of Quick & Chrisman, that the fifty dollars paid was by the check of the firm, and that the firm has been dissolved, but it does not show that by the terms of the dissolution Chrisman became the sole owner of the land; the only evidence on that point was to the contrary; therefore Chrisman was not entitled to a decree vesting the title in himself for his own use.

The judgment is reversed and the cause remanded to the circuit court of Mississippi county with directions to enter judgment and decree to the following effect: That the plaintiff is not entitled to the possession of the land sued for, that is, the southeast quarter of the northwest quarter of section 15, township 27, range 11 east; that the title to the land be by the decree vested in the defendant C. M. Chrisman in trust for the use of himself and his former partner, Thomas J. Quick, as their respective interests therein may hereafter appear, subject to the payment by defendant to the plaintiff or into court for the plaintiff of the sum of fifty dollars with interest at eight per cent per annum from the 23 of January, 1895, until paid, and the further sum of forty dollars with interest at six per cent per annum from the 23 of February, 1897, until paid, which sums the court finds are due the plaintiff as the balance of the purchase money and are by the decree made liens on the land, and upon the failure of the defendant to make such payment within sixty days

from the date of the decree the plaintiff may have special execution for the sale of the land to foreclose said lien, and in the event such sale does not bring sufficient to pay the above specified sums and cost incident to that execution the plaintiff may have a general execution against the defendant for the balance. The decree will further specify that as between the defendant Chrisman and his former partner, Quick, nothing therein contained shall be taken as an adjudication of their relative or respective rights in the land, but that is left open for future adjustment between themselves by agreement or otherwise. The decree will also adjudge that the plaintiff pay the costs in the circuit court, except the costs, if any, that may be incurred by failure of the defendant to pay the sums of money as above required.

All concur.