F. C. HODKINSON, Appellant, v. McNEAL MACHINERY COMPANY, Respondent.

Springfield Court of Appeals, December 4, 1911. Motion for Rehearing Overruled, January 8, 1912.

1. **PRINCIPAL AND AGENT: Sub-agents: Sales.** In an action in replevin for the possession of certain mining machinery, it appeared that plaintiff, the owner, had given one, R, a power of attorney to dispose of the machinery, who in turn, having authority so to do under his power of attorney, appointed C and D in writing as his agents to sell the machinery. C and D authorized one M to sell the property for them and M, pretending to act as agent for the owner, sold the machinery to defendant, collected the purchase price and absconded. *Held*, that as C and D did not have authority to appoint M as sub-agent to sell the property, the sale by M to the defendant did not bind the plaintiff.

2. ————: Power to Appoint Sub-agents. The appointment of an agent as a rule does not authorize the agent to appoint a sub-agent ·unless that power is granted in the appointment. One exception to this general rule is that the performance of ministerial acts may be delegated by an agent without specific authority to do so, being given by the principal. Another exception is where the nature of the business or the necessities of the case require the employment of sub-agents.

3. ————: ————: Discretion and Personal Trust. Where the agent of the plaintiff, having the authority so to do, employed C and D as sub-agents to sell certain mining machinery, with discretion in them to sell in gross or by piecemeal, this power to sell carried with it the implied power to receive payment and the delegation of authority to C and D involved more than a merely ministerial duty, for the elements of both discretion and personal trust were present and without express authority so to do, C and D would not have the right to appoint a sub-agent to sell the machinery.

4. ————: Authority of Agent: Burden of Proof. One dealing with the agent of another is put upon his guard as to the authority of such agent and the burden of proof is upon ·him to show such authority.

5. REPLEVIN: Damages: Attorney's Fees. Attorney's fees and expenses of the litigation in the replevin suit are not proper elements of damages in an action of replevin.

On Motion for Rehearing.

6. PRINCIPAL AND AGENT: Innocent Purchaser: Sales. In an action of replevin to recover certain mining machinery defendant bought from one M, who claimed to be the agent of the plaintiff, it appeared from the evidence that M was not the agent of plaintiff and had no authority to sell. The evidence is also examined and *held* to show that M was not in possession of the property at the time of the sale and that it did not appear that the defendant had made proper inquiry as to M's authority to sell the property, and was therefore not an innocent purchaser in any sense that would protect him as against the plaintiff.

7. REPLEVIN: Title: Burden of Proof: Sales: Appeal and Error. As a general rule in an action of replevin the plaintiff claiming to be the owner of the property must recover on the strength of his own title and the burden of proof of ownership is upon him. But where the defendant takes the position at the trial that it had acquired plaintiff's title through its purchase from an agent of the plaintiff and this practically concedes plaintiff's ownership, then it must stand by that position on appeal and the burden is cast upon the defendant to show the agent's authority to sell.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*McIndoe & Thurman* for appellant.

(1) The agent has no right to delegate his authority unless he is given such authority by expressed terms of substitution. Story on Agency, secs. 14, 29, 108; Land & Lbr. Co. v. Christman, 204 Mo. 378. (2) It is a well-settled principle in the law of agency where discretion is required on the part of the agent and no power of substitution is given that the agent must act in person, and the principal is not bound by the sub-agent. Brown v. Association, 45 Mo. 221; McClure v. Ins. Co., 4 Mo. App. 148. (3) The only exception to the rule that the agent cannot appoint a sub-agent is where the act of the sub-agent is purely ministerial. Neiner v. Altemeyer, 68 Mo. App. 243; Grady v. Ins. Co., 60 Mo. 123. (4) Where the terms of the agent's authority are contained in writing and the agent materially departs from his authorized terms made in writing in excess of the powers given to the agent such contract will not bind the principal. Grass v. Row, 103 Mo. 514; Land & Lbr. Co. v. Christman, 204 Mo. 378. (5) Where authority is conferred requiring skill or discretion on the part of the agent, or judgment, the agent must act in person and the principal is not bound by any sub-agent. Brown v. Association, 45 Mo. 221; McClure v. Ins. Co., 4 Mo. App. 148; Neiner v. Altemeyer, 68 Mo. App. 243; Nichols v. Larkin, 79 Mo. 264. (6) Statements made by an agent as to the scope of his authority are not binding and such statements are purely hearsay. Bank v. Leisler, 116 Mo. 68; Bank v. Morris, 125 Mo. 350; Deal v. Ramsey, 37 Mo. App. 457; Alt. v. Grosclose, 61 Mo. App. 409.

*Thomas Dolan* for respondent.

(1) It does not require direct evidence to establish an agency. It may be inferred from circumstances. Hull v. Jones, 69 Mo. 587; Hofferman v. Boteler, 87 Mo. App. 322; Sharp v. Knox, 48 Mo. App. 176. (2) Campbell & Durnill had the right to employ salesmen to assist in selling the machinery. Brown v. Assurance Co., 45 Mo. 225; Lingenfelter v. Ins. Co., 19 Mo. App. 265; Whitney v. Burnham, 48 Mo. App. 340; Neiver v. Allinor, 68 Mo. App. 243; Murphy v. Building Co., 135 S. W. 446; Adv. Co. v. Wanamaker, 115 Mo. App. 270, 90 S. W. 737. (3) The agent's authority is construed to include all necessary and usual means of executing it, including the appointment of sub-agents. Clark & Skyles on Agency, sec. 345.

COX, J.—Action in replevin for possession of certain mining machinery. Trial by court, judgment for defendant and plaintiff has appealed.

Plaintiff was the owner of certain mining machinery, located at an abandoned mine some eight miles from Joplin. Plaintiff lived in a distant State and desiring to dispose of this property sent a power of attorney to O. D. Royse, authorizing him to dispose of it. Royse by writing appointed Campbell and Durnell as his agents to sell the property for him. Campbell and Durnell authorized one John Moore to sell the property for them. Moore pretending to act as agent for the owner, sold a part of the property to defendant, collected the purchase price and absconded. On learning of these facts, plaintiff instituted this suit to recover the property. The trial was before the court and at the close of the testimony a great number of declarations of law were given and refused and error is assigned largely upon the court's action in that respect, but in the view we take of the case it will not be necessary to discuss that.

As far as the essential facts of the case are concerned, there is little conflict in the testimony. It is conceded that Royse had the authority to appoint Campbell and Durnell as his agents to sell the property but plaintiff denies that Campbell and Durnell could appoint Moore as agent to sell the property and insists that Moore could not make a sale that would pass title without plaintiff's assent or subsequent ratification, and on this question the case hangs.

Generally speaking the appointment of an agent does not authorize the agent to appoint a sub-agent unless that power is granted in the appointment. [31 Cyc. 1380, 1425; Atlee v. Fink, 75 Mo. 100; Land & Lumber Co. v. Chrisman, 204 Mo. 371, 102 S. W. 973; Warren v. Martin (U. S.), 11 Howard 209; Barnard v. Coffin (Mass.), 6 N. E. 364; Harris v. San Diego Flume Co. (Cal.), 25 Pac. 758; McKinnon et al. v. Volmer (Wis.), 43 N. W. 800.]

There are certain well-recognized exceptions to the general rule. One of which is that the performance of purely ministerial acts which do not require the exercise of discretion or judgment and do not involve personal confidence and trust may be delegated by an agent without specific authority to do so being given by the principal. [Neiner v. Altemeyer, 68 Mo. App. 243; Nichols v. Larkin, 79 Mo. 264.]

Another exception is that the nature of the business or the necessities of the case require the employment of sub-agents. Whitney v. Burnham, 48 Mo. App. 340; St. Louis Cunning Adv. Co. v. Wanamaker and Brown, 115 Mo. App. 270, 90 S. W. 737; Murphy v. Building Co., 155 Mo. App. 649, 135 S. W. 446.]

In this case it is conceded that Royce, who was the agent of plaintiff had authority to appoint a sub-agent therefore Campbell and Durnell were authorized to sell this property but could Campbell and Durnell delegate that authority to Moore or any one else?

If so where is the delegation of authority to stop? Here the general agent, Royse, appointed a sub-agent, Campbell and Durnell. The sub-agent appointed a sub-agent under them, to-wit Moore. If Campbell and Durnell, without specific authority, could do that, then Moore could do it also and so the appointment of sub-agents might go on "*ad infinitum.*" and the owner of the property lose all control of his business and never be able to know one day in whose hands his business might be placed the next day. No court as far as our research extends has ever promulgated so monstrous a doctrine. While an agent may, if authorized to do so, appoint a sub-agent who may bind the principal, and may, in certain cases, appoint a sub-agent without a specific grant of authority so to do, yet, in the absence of express authority we think the power of substitution or delegation stops with the first agent and does not extend to the sub-agent. It follows that Campbell and Durnell had no authority to appoint Moore as a sub-agent and confer upon him any power to bind the plaintiff. [Winkleblack v. Bank, 155 Mo. App. 1, 136 S. W. 712.]

We might rest this case here but it is insisted that under the appointment of Campbell and Durnell the finding of a purchaser for the property of plaintiff was a purely ministerial act that could be performed by a clerk or servant of Campbell and Durnell and that the sale by Moore to defendant should be upheld upon that ground. The appointment of Campbell and Durnell was in writing, hence we must look to the writing to ascertain their authority. [Mechanic's Bank v. Schaumberg, 38 Mo. 228; Glass v. Rowe, 103 Mo. 514, 15 S. W. 334; Land & Lumber Co. v. Chrisman, 204 Mo. 378, 102 S. W. 973.]

This writing provided that Campbell and Durnell might sell the property in gross for a sum to net the owner $2200 or they could sell by piecemeal at prices acceptable to Royse and if sold by piecemeal

all the proceeds were to be paid to Royse until he had received $2200. About the time or soon after this appointment was made and the writing executed a schedule of prices for the separate articles of machinery was furnished by Campbell and Durnell to Royse and from this we infer that Royse gave his consent that the separate articles might be sold at the prices indicated. Did this make the duty of Campbell and Durnell purely ministerial so that they could delegate the power to sell and collect? We think not. Even if we were to pass the proposition that Campbell and Durnell were themselves sub-agents and take the position that they received their appointment from plaintiff, still, their authority was not a general one but was special and applied to certain specific property which they might sell in gross for $2200 or more, or by piecemeal at certain prices in their discretion. As long as there was any discretion to be exercised by them they could not delegate to another the power to exercise that discretion for their principal in their stead and bind the principal. We find the rule applicable to these facts nowhere better stated than in McKinnon et al. v. Volmer (Wis.), 43 N. W. 800, where it is said: "The rule is that an agent in whom is reposed some trust or confidence in the performance of his agency, or who is required to exercise therein discretion or judgment has no authority to intrust the performance of those duties to another and thus bind the principal for the acts of the latter without the consent of his principal." Campbell and Durnell's appointment required the exercise of discretion on their part as to whether the sale should be made in gross or by piecemeal. The power to sell in the absence of restrictions implies the power to receive payment and transmit the price received to the seller. [Rice et al. v. Groffman, 56 Mo. 434.] This puts into the case the element of personal trust and confidence that the price received, if the property be sold, will

be honestly accounted for as well. In this case, there-fore, both the elements of the exercise of discretion and that of personal trust and confidence were pres-ent and under all the authorities the agents, Camp-bell and Durnell, could not delegate their duty to an-other.

The defendant having purchased from Moore as agent of the owner was, by the fact that it was deal-ing with Moore as agent, put upon its guard as to his authority and the burden of proof to show such au-thority was upon it. [Stone v. Palmer, 28 Mo. 539; Knoche v. Whitman, 86 Mo. App. 568; Turner v. Lord, 92 Mo. 113, 4 S. W. 420; Johnson v. Hurley, 115 Mo. 513, 22 S. W. 492; Kilpatrick v. Wiley, 197 Mo. 123, 95 S. W. 213.]

It clearly appearing that defendant failed to prove any authority in Moore to sell this property a finding in plaintiff's favor should have been directed and there was no occasion for giving any of the decla-rations of law that were given in this case.

The value of the machinery sold to defendant was agreed as $660. The only evidence of damages for its detention was an estimate by Royse that perhaps $150 had been expended in attorney's fees and ex-penses of this litigation. These are not proper ele-ments of damage in a replevin suit.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff and if plaintiff shall elect to take the property, and not its value, to then proceed to hear testimony and as-sess the damages for its detention. If plaintiff elects to take the value of the property, judgment should be rendered for $660 and interest at six per cent since the date of the trial. All concur.

## MOTION FOR REHEARING OVERRULED.

COX, J.—On the oral argument upon the motion for rehearing, it is earnestly insisted that Moore, from whom defendant purchased the property, was in possession at the time and that defendant is an innocent purchaser and should be protected. There are two things in this case which cut out this defense. First. There is no evidence that Moore was in possession of the property. A man by the name of Killigrew was in the physical possession as watchman and all Moore did was to invoice the property and when he sold it he gave an order on Killigrew which Killigrew honored and it was he, and not Moore, that turned the property over to defendant at the time of the sale. Second. McNeal, who purchased the property from John Moore for defendant, testified that he asked Moore whose property it was and if he had authority to sell it; also that he asked one Charles Moore if John Moore had authority to sell it; also that when he bought the property he was in doubt as to John Moore's authority to sell and as John Moore was not financially responsible, he made the first check that was given, payable to Charles Moore who was responsible in order to protect himself. This testimony settles the question of innocent purchaser against defendant's contention. McNeal knew that Moore only claimed to be an agent and it was his duty to inquire and ascertain Moore's authority to deal with the property, and in making the inquiry it was his duty to go to the parties who owned or controlled it for information and not depend on information received from Moore or outside parties.

Defendant also contends that if the judgment is to be reversed the cause should be remanded for a new trial for the reason that plaintiff must recover upon the strength of his own title and that the burden of proof of ownership of the property was upon

him and since the trial court or jury is charged with the duty of weighing the testimony, they might disbelieve plaintiff's witnesses even though they were not contradicted and if they should, then the finding should be for defendant and for that reason this court can not direct a judgment. In many cases this position would be correct but the rule sought to be invoked is not applicable to this case. The plaintiff in his petition alleged ownership and the defendant in its answer not only filed a general denial but asserted title as well and demanded the return of the property. On the trial, plaintiff introduced Royce who testified that he had a power of attorney from plaintiff authorizing him to dispose of the property and that he did not sell to defendant nor authorize any one else to sell to it. On cross-examination defendant brought out the fact that Royce had authorized Campbell and Durnell to sell the property. This fact plaintiff did not seek to controvert and afterward introduced the contract executed between Royce and Campbell and Durnell, thus conceding that Campbell and Durnell had authority to sell. Defendant then directed its efforts to trying to prove that Campbell and Durnell had authorized Moore to sell, and the only issues tried in the court below were whether, as a matter of fact, Campbell and Durnell did authorize Moore to sell and whether under the facts they had the power to grant such authority to Moore. The evidence on part of defendant was directed to those questions and the instructions given at defendant's request were also confined to those questions. Defendant, therefore, took the position at the trial that it had acquired plaintiff's title through its purchase from Moore. Having taken that position at the trial it must stand upon it here, and the burden was upon it to show Moore's authority to sell. Having assumed this position at the trial instead of relying upon its general denial or asserting an independent title, there

was no evidence on the question of ownership to weigh except the evidence by which defendant sought to show that by a purchase from Moore it had acquired plaintiff's title. By taking this position it, in effect, conceded that ownership was in plaintiff if its purchase from Moore did not transfer that ownership to defendant. Under this condition of the case, the rule now sought to be invoked for the purpose of securing an order to remand the case for new trial does not apply. Motion for rehearing overruled. All concur.