Cheshire,
No. 5959.

ASHUELOT PAPER COMPANY

*v.*

WALTER RYLL *& a.*

Argued September 3, 1969.

Decided October 31, 1969.

Opinion on motion December 30, 1969.

*Faulkner, Plaut, Hanna & Zimmerman* and *Stillman D. Rogers* (*Mr. Rogers* orally), for plaintiff Ashuelot Paper Company.

*Howard B. Lane* and *Howard B. Lane, Jr.* (*Mr. Lane, Jr.* orally), for defendants Walter Ryll and Josephine Ryll.

GRIFFITH, J. Bill in equity seeking specific performance of an alleged agreement to purchase a tract of 320 acres in the village of Ashuelot, town of Winchester from the defendants for the sum of $13,500. The parties agreed upon certain facts and other facts were added by an offer of proof of the plaintiff. The Trial Court (*Morris, J.*) transferred without ruling the question of whether with the agreed and proffered facts there is sufficient writing to satisfy the statute of frauds. RSA 506:1.

On January 3, 1967 Paul A. Ryll, son and alleged agent of Walter and Josephine Ryll, wrote the manager of the Ashuelot Paper Company offering to sell the 320-acre tract owned by his parents for $13,500. This letter contained a rough description of the property and refused an offer of $40 per acre which had apparently been made by the company. On January 18, 1967 the company submitted to the Rylls a proposed agreement to purchase at this price together with a check in the amount of $675 as a down payment.

Negotiations continued between counsel for the company and counsel for the Rylls with two new proposed agreements to purchase being submitted by the company. The final agreement submitted is dated March 27, 1967 and contains a signature on behalf of the company but neither this agreement nor any other has ever been signed by the Rylls.

On July 13, 1967 counsel for the company wrote counsel for the Rylls that the company was no longer interested in purchasing and that all offers were revoked. The check for $675 naming Walter and Josephine Ryll as payees had been held by them

uncashed up until this time but on July 17, 1967 both Walter and Josephine Ryll endorsed the check and cashed it. Counsel for the company wrote the Rylls' counsel on July 21, 1967, August 14, 1967 and September 5, 1967, demanding the return of their deposit. The letter of September 5, 1967 threatened suit if the deposit was not returned.

On February 29, 1968 counsel for the company wrote the Rylls' counsel that since the Rylls appeared unwilling to refund the down payment the company was now prepared to purchase the property for $13,000. It is agreed by the parties that the sum named was in error and was corrected in later conversation between counsel to the original $13,500. Counsel forwarded this letter to the Rylls who now refuse to convey the property and offer to return the down payment.

RSA 506:1 reads as follows: "No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing."

The plaintiff argues first that the letter of Paul Ryll is a sufficient memorandum of the agreement signed by the agent of the sellers authorized to act on their behalf. Since "a memorandum of 'the agreement' within the meaning of the statute presupposes the existence of a valid oral agreement between the parties" (*Langdon* v. *Sibley*, 100 N. H. 373, 375·) it is doubtful if this letter, properly authorized, could be considered a sufficient memorandum under the statute. See Annot. 1 A.L.R. 2d 841. In any event neither in the agreed facts nor in the offer of proof does it appear that the defendants authorized Paul Ryll "by writing" to sign a memorandum on their behalf. Our statute of frauds is not satisfied by a memorandum signed by an agent unless the agent was authorized to sign "by writing." *Huot* v. *Janelle*, 95 N. H. 10, 12; *Rafferty* v. *Lougee*, 63 N. H. 54.

The plaintiff also claims that the signatures of defendants on the check together with the third unsigned agreement constituted a sufficient memorandum under the statute. It is argued that the signing of the check after plaintiff withdrew its offer was a continuing offer by defendants to sell the property on the basis of the unsigned agreement which plaintiff accepted by the letter of February 29, 1968.

A memorandum sufficient to satisfy the statute may consist

of several writings, only one of which is signed by the party to be charged, provided the unsigned writings are incorporated with the signed document either by express reference or by "necessary implication." *Huot* v. *Janelle, supra,* 13; *Simons* v. *Steele,* 36 N. H. 73, 83; Restatement, Contracts, *s.* 208. The check which the defendants endorsed contained no reference to the transaction and by itself was not a memorandum. Annot. 20 A.L.R. 363, 367; Annot. 153 A.L.R. 1112, 1119. The absence of any notation on the check eliminates all possibility of express incorporation of any other documents and the statute bars plaintiff's action unless the unsigned third agreement of sale is incorporated by implication with the check. A "fair legal construction of the writings" (*Brown* v. *Whipple,* 58 N. H. 229, 232) does not permit this result. The signatures of the defendants on the check being required to cash it the necessary implication is that they signed for this purpose and not to authenticate the unsigned agreement. *Knox* v. *Allard,* 90 N. H. 157. The answer to the question transferred is that there is not sufficient writing to satisfy the statute of frauds.

*Judgment for defendants.*

All concurred.

After the foregoing opinion was filed the plaintiff moved for a rehearing and requested that the case be remanded to the Superior Court to permit the presentation there of a motion to reopen the case for the submission of newly discovered evidence.

*Faulkner, Plaut, Hanna & Zimmerman* (*Mr. George R. Hanna* orally), for the motion.

*Howard B. Lane* and *Howard B. Lane, Jr.* (*Mr. Lane, Jr.* orally), opposed.

GRIFFITH, J. Plaintiff seeks to have the case remanded to the Superior Court to present a motion to reopen the case in order to present newly discovered evidence. It is alleged by plaintiff that it has recently discovered that the check endorsed by the defendants was a voucher check and that the attached voucher

or invoice contained a reference to the transaction which would constitute sufficient memorandum to satisfy the statute. Plaintiff also requests that we delete from the foregoing opinion the following sentence: "The signatures . . . on the check being required to cash it the necessary implication is that they signed for this purpose and not to authenticate the unsigned agreement."

In order for a memorandum to be incorporated it must be signed by the party to be charged or incorporated by necessary implication. *Huot* v. *Janelle,* 95 N. H. 10. If the memorandum in this case was attached to the check at the time that it was cashed then it may be found that it was a memorandum signed by the party to be charged. The fact that the signatures were required to cash the check would not prevent this finding. However, if the invoice or voucher was detached prior to the cashing of the check then there can be no implication that the check was also intended to serve as a memorandum of the sale. The foregoing opinion is affirmed but the case is remanded in order to permit the plaintiff to proceed on its motion to reopen in the Superior Court.

*Remanded.*

All concurred.
December 30, 1969.