Stephen M. ARNOLD, Appellant,

v.

BROADMOOR DEVELOPMENT CO., Respondent.

No. 40898.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 7, 1979.

Law Offices of Marvin Klamen by Maureen Swihart, St. Louis, for appellant.

Robert C. Jones, Harold A. Tzinberg, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for respondent.

GUNN, Judge.

Plaintiff-appellant Stephen Arnold appeals from an order granting the motion of defendant-respondent Broadmoor Development Co. for summary judgment on Ar-

nold's claim for specific performance of a real estate contract. The denouement of the case turns on the issue of whether Arnold's action is barred by the statute of frauds, § 432.010, RSMo 1969. We find that the action is so barred and affirm the summary judgment in favor of Broadmoor.

According to the record, Broadmoor was engaged in the business of selling condominiums. Arnold executed a form real estate sales contract to buy a condominium in St. Louis County for a total acquisition price of $75,100. The contract was not executed by Broadmoor, but a "salesman" signed the contract in the space designated for acknowledging receipt from Arnold of $7,000 "as Earnest Money on account of [the] sale and to be applied on the total down payment at close". While, in fact, $7,000 was not given by Arnold, about three weeks after the signing of the contract by him, he sent a check for $3,500 to Broadmoor which was endorsed and deposited by it. Shortly thereafter, Broadmoor sent the following letter to Arnold with its check for $3,500:

Stephen M. Arnold
210 Brighton Way
Clayton, Missouri 63105
RE: Building # 5, Unit # 1
The Greens of Broadmoor
Dear Mr. Arnold:
Enclosed please find our check # 1640 in the sum of $3,500.00.
We are sorry to inform you that we are not able to accept your offer to purchase Building # 5, Unit # 1 of the Greens of Broadmoor.
Cordially yours,
BROADMOOR DEVELOPMENT COMPANY

The check referred to in Broadmoor's letter was not endorsed or cashed by Arnold. Instead, he filed suit for specific performance, and upon the facts stated, Broadmoor's motion for summary judgment was granted.

On appeal, Arnold argues that, taken collectively sufficient memoranda of the sales contract existed to loosen the ligatures of the statute of frauds and to release it from its strictures. Indeed, as Arnold insists, the impediment of the statute of frauds may be overcome by resort to extra memoranda which will constitute a written agreement, provided that it is manifest from such documents that each is to be considered a part of the total writing. *Frostwood Drugs, Inc. v. Fischer & Frichtel Const. Co.*, 352 S.W.2d 694 (Mo.1961).

The extra writings to which Arnold adverts to remove the millstone of the statute of frauds are: (1) the unsigned sales contract; (2) the earnest money check which was cashed; (3) the returned earnest money deposit and accompanying letter. However, the cumulative effect of these writings is still insufficient to overcome the deficiencies which exist from the lack of Broadmoor's signature to the sales contract.

In viewing the sales contract we need not inquire into the authority of the salesman acknowledging receipt of the earnest money deposit to bind Broadmoor to the contract. The space in which the salesman's signature appears purports only to acknowledge receipt of the deposit—nothing more. The signature space for Broadmoor which would bind it to acceptance of the terms of the contract is unsigned. Further, there is certainly nothing which would indicate that the salesman had the required § 432.010 written authority to act in Broadmoor's behalf. And, of course, he did not profess to accept the agreement.

Arnold, relying on *Chouteau Land & Lumber Co. v. Chrisman*, 204 Mo. 371, 102 S.W. 973 (1907), insists that the earnest money check when endorsed and cashed by defendant operated as a sufficient writing to lift the veil of the statute of frauds. In the *Chouteau Land & Lumber* case, an agreement to purchase certain land owned by Chouteau was made between an unauthorized agent of the seller and the buyer. The unauthorized agent left the buyer's earnest money check, together with a note explaining the terms of the agreement, on the desk of a duly authorized agent who then caused the check to be cashed. Arnold relies heavily on the court's finding that an

**566**

enforceable contract existed where the only document in evidence signed by the party to be charged was the check endorsed by the seller.

Careful review of the *Chouteau* case reveals, however, that the court never expressly addressed the issue of the formal sufficiency of a signed writing under the statute but, rather, turns on a finding that the agreement was taken out of the statute altogether under the doctrine of partial performance, which is not the situation here.

Although it is true that payment of earnest money will suffice to "bind a contract" for the sale of goods otherwise unenforceable under the statute of frauds, the doctrine of part performance through payment of earnest money alone is inapplicable to contracts for the sale of realty, *Alonzo v. Laubert,* 418 S.W.2d 94 (Mo.1967); *Swearengin v. Stafford,* 188 S.W. 97 (Mo.1916); *Bean v. Valle,* 2 Mo. 126 (1829).

Arnold is also correct in his postulation that several documents may be read together in order to constitute a written memorandum of an agreement sufficient to meet the formal requirements of the statute of frauds. *Bayless Building Materials Company v. Peerless Land Co.,* 509 S.W.2d 206 (Mo.App.1974). However, it is equally true that such separate documents must be connected by express reference to one another or by clear implication established through their respective contents. *Frostwood Drugs, Inc. v. Fischer and Frichtel Construction Co., supra.* Further, where the terms of an agreement are supplied by an unsigned document, the signatures of the party to be charged may be found in a separate writing, provided that one document expressly or explicitly incorporates the other by reference. *Aurora Water Co. v. City of Aurora,* 129 Mo. 540, 31 S.W. 946 (1895); *Blue Valley Creamery Co. v. Consolidated Products Co.,* 81 F.2d 182 (8th Cir. 1936).

In this case there was no evidence before the trial court that the check in question, delivered three weeks after the unsigned contract, contained any reference to that contract whatever. Without such evidence, the endorsed check cannot be incorporated into an unsigned agreement:

The checks relied upon . . . do not refer to any prior writing satisfying the requirements of the statute [of frauds]. The indorsement of a check given for the payment of the purchase price under a contract is a sequence to rather than a part of the contract, and cannot be considered as the equivalent of a subscription to the contract or a memorandum thereof. *Blue Valley Creamery Co. v. Consolidated Products Co.,* supra, at 188.

*Accord: Thompson v. New South Coal Co.,* 135 Ala. 630, 34 So. 31 (1903), which holds that an endorsed earnest money check under an unsigned land sale agreement is a "separate and distinct obligation", sequential to and in no way part of, the underlying contract. Further, in the absence of a reference incorporating the underlying unsigned written agreement, "[t]he signatures of the [endorsing parties] on the [land sale earnest money] check being required to cash it the necessary implication is that they signed for this purpose and not to authenticate the unsigned agreement". *Ashuelot Paper Co. v. Ryll,* 109 N.H. 573, 259 A.2d 657, 659 (1969).

Absent any evidence of incorporation by express reference, the trial court could not as a matter of law have read the plaintiff's earnest money check and the unsigned form contract together for the purpose of satisfying the statute of frauds. The check certainly does not supply the requisite memorandum to comply with the statute. *Shaffer v. Hines,* 573 S.W.2d 420 (Mo.App.1978), and *Byers v. Zuspan,* 241 Mo.App. 1103, 264 S.W.2d 944 (1954), are felicitous in this regard.

Arnold also asserts the letter from Broadmoor returning the earnest money check as further documentary evidence of a binding agreement. Arnold alleges that a letter repudiating or denying a contract may be utilized under certain circumstances to satisfy the statute of frauds. And, indeed, that is so. *Wussler v. Peterson,* 270 S.W.2d 12 (Mo.1954). But that point of law is unavailing to Arnold, for it is palpable that the letter referred to is an explicit

rejection of the offer to purchase, not a repudiation or denial. Neither does the check itself nor its restrictive endorsement conditions indicate an acceptance of the contract. The restrictive endorsement is nothing more than a release intended as part of good business practice.

We find that the documents signed by Arnold, rather than supplying the binding force missing from the unsigned contract, are congruent with an intent by Broadmoor to refuse to accept the offer of purchase. Arnold's action is therefore—as clearly found by the trial court—barred by the statute of frauds.

Finally, Arnold argues that summary judgment is inappropriate in that an unresolved question of fact exists as to the authority of Broadmoor's salesman signing the earnest money receipt to bind it to the contract. What we have already said regarding such signature, meaning no more than an acknowledgment of the receipt of earnest money and the lack of any § 432.010 written authority by the salesman to bind Broadmoor, is dispositive of this point.

Arnold, in essence, suggests that summary judgment is precluded by the possibility that a factual issue may arise upon further development of the case, i. e., that given the opportunity, he may be able to adduce some evidence of written authority. Such is not the law. If facts exist that would preclude entry of summary judgment, the party claiming the benefit of such facts must bring them to the court's attention. *Index Store Fixture Co. v. Farmers' Trust Co.,* 536 S.W.2d 902 (Mo.App.1976). Having failed to produce evidence which he could have produced in opposition to a motion for summary judgment, a party suffering entry of summary judgment must abide the result and cannot complain that the judgment deprived him of the benefit of such evidence. *State ex rel. Reardon v. Mueller,* 388 S.W.2d 53 (Mo.App.1965).

Judgment affirmed.[1]

REINHARD, P. J., and CRIST, J., concur.

1. Broadmoor submitted a motion to dismiss the appeal for mootness. In view of our opinion, we need not launch into a discussion on this issue; we merely deny the motion to dismiss.